[806 NE2d 488, 774 NYS2d 480]

Banco Popular North America, Respondent, v Victory Taxi Management, Inc., Defendant, and Jafa Albaz, Appellant.

Argued January 8, 2004; decided February 19, 2004

## POINTS OF COUNSEL

*Stephen David Fink,* Forest Hills, for appellant. The motion for summary judgment in lieu of complaint should be denied. (*Coleman v Norton,* 289 AD2d 130; *Bankers Trust Co. v Fassler,* 49 AD2d 855; *Spilky v Bernard H. La Lone, Jr., P.C.,* 227 AD2d 741; *Poughkeepsie Sav. Bank v Tyson,* 170 AD2d 818; *Pasqualini v Tedesco,* 248 AD2d 604; *Seoulbank, N.Y. Agency v D & J Export & Import Corp.,* 270 AD2d 193; *CI Sys. [Israel] v Melamed,* 290 AD2d 266; *Krill v Aziz,* 186 AD2d 81.)

*Sankel, Skurman & McCartin, LLP,* New York City (*Claudio Dessberg* of counsel), for respondent. Summary judgment is warranted as against appellant Jafa Albaz. (*Cross v Cross,* 112 AD2d 62; *Tittman v Rappaport,* 287 AD2d 709; *Spilky v Bernard H. La Lone, Jr., P.C.,* 227 AD2d 741; *Bankers Trust Co. v Fassler,* 49 AD2d 855; *Machinery Funding Corp. v Loman Enters.,* 91 AD2d 528; *Krill v Aziz,* 186 AD2d 81; *Krupp v Aetna Life & Cas. Co.,* 103 AD2d 252; *Consolidated Edison Co. v Jet Asphalt Corp.,* 132 AD2d 296; *Gala Trading v Adrienne, Inc.,* 174 AD2d 478; *Sprung v Jaffe,* 3 NY2d 539.)

### OPINION OF THE COURT

GRAFFEO, J.

At various times over the course of a year, defendant Victory Taxi Management, Inc. purchased 14 taxicabs with financing provided by plaintiff Banco Popular North America. Victory subsequently discontinued business operations and defaulted on the loans, owing Banco Popular more than $160,000 under the terms of its vehicle retail installment contracts. After Banco Popular demanded payment in full, the parties agreed that Victory would sell 10 of its vehicles to offset the debt. The proceeds of these sales—$25,000—was paid to Banco Popular to reduce Victory's outstanding principal loan balance.

Banco Popular then initiated this action by filing a motion for summary judgment in lieu of a complaint (*see* CPLR 3213) against Victory and defendant Jafa Albaz, seeking to recover the remaining monies owed. The bank asserted that Albaz had

cosigned 13 of the 14 installment contracts and was therefore personally liable upon the default. Albaz submitted an affidavit in opposition to the motion in which she claimed that her signature on the bank documents had been forged. Albaz also relied upon a report from a purported handwriting expert who opined that "Albaz can not be identified as the writer of the questioned signatures" after comparing facsimile copies of the installment contracts with numerous documents bearing Albaz's signature (the comparison documents were not included in any submissions to the trial court).

Supreme Court granted Banco Popular's motion for summary judgment against both defendants, concluding that neither Albaz's affidavit nor the report of the handwriting examiner—which was unsworn and inadmissible—was sufficient to create an issue of fact regarding the authenticity of the signatures. Albaz moved to reargue and renew her opposition to summary judgment after her expert examined the original loan documents and prepared a sworn affidavit. Supreme Court rejected her argument, noting that there was no change in the document examiner's inconclusive opinion, which remained inadequate to raise a triable issue of fact. The Appellate Division affirmed the award of summary judgment to Banco Popular, and having granted leave to appeal, we now also affirm.

CPLR 3213, which allows actions based upon an instrument for the payment of money only to be commenced with a motion for summary judgment rather than a complaint, "provide[s] a speedy and effective means" for resolving "presumptively meritorious" claims (*Interman Indus. Prods. v R.S.M. Electron Power*, 37 NY2d 151, 154 [1975]; *see* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3213:1). A party utilizing this accelerated judgment procedure prevails "if, upon all the papers and proof submitted, the cause of action . . . shall be established sufficiently to warrant the court as a matter of law in directing judgment" for the plaintiff (CPLR 3212 [b]). A defendant can defeat a CPLR 3213 motion by offering evidentiary proof sufficient to raise a triable issue of fact (*see Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d 285, 290 [1973]). The issue here is whether Albaz presented evidence sufficient to establish a genuine issue of fact regarding the authenticity of her signatures on the retail installment contracts.

"[A]verments merely stating conclusions, of fact or of law, are insufficient" to "defeat summary judgment" (*Mallad Constr.*

*Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d at 290; *see Ehrlich v American Moninger Greenhouse Mfg. Corp.*, 26 NY2d 255, 259 [1970]). Something more than a bald assertion of forgery is required to create an issue of fact contesting the authenticity of a signature. Here, there is an absence of factual assertions supporting a claim of forgery and Albaz has not demonstrated that her prelitigation conduct was consistent with a denial of genuineness. Hence, Albaz's affidavit was alone inadequate to raise an issue of fact necessitating a trial.

Although an expert's opinion is not required to establish a triable issue of fact regarding a forgery allegation, where an expert is used to counter the moving party's prima facie proof, the expert opinion must be in admissible form and state with reasonable professional certainty that the signature at issue is not authentic. In this case, Albaz's handwriting examiner's unsworn letter report was not "evidentiary proof in admissible form" (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *see Grasso v Angerami*, 79 NY2d 813, 814 [1991]). Furthermore, the examiner's subsequent affidavit submitted on reargument was also insufficient to avoid summary judgment in plaintiff's favor because the examiner's opinion was the equivalent of stating that he was not able to determine whether Albaz was the signatory on the documents. Albaz's submissions therefore did not overcome Banco Popular's prima facie showing of entitlement to judgment as a matter of law.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSEN-BLATT and READ concur; Judge R.S. SMITH taking no part.

Order affirmed, with costs.