■ LEEWARD ISLES RESORTS, LIMITED, Respondent, v CHARLES C. HICKOX, Appellant. [853 NYS2d 41]—

The 1989 loan agreement between defendant creditor's assignor and plaintiff guarantor's principal, which significantly increased the amounts extended under the 1986 loan agreement by defendant's assignor to plaintiff's principal, and expressly "supersede[d] and replace[d]" the 1986 loan agreement, did not merely modify the 1986 loan agreement, as defendant argues, but constituted a novation thereof (*see Northville Indus. Corp. v Fort Neck Oil Terms. Corp.*, 100 AD2d 865, 867 [1984], *affd* 64 NY2d 930 [1985]; *compare CrossLand Fed. Sav. Bank v A. Suna & Co., Inc.*, 935 F Supp 184, 199 [ED NY 1996] [modifications only as to the time of payment and rate of interest did not constitute a novation]). Thus, plaintiff's 1987 guaranty of the 1986 loan agreement is unenforceable (*see Bier Pension Plan Trust v Estate of Schneierson*, 74 NY2d 312, 315 [1989]; *Flaum v Birnbaum*, 120 AD2d 183, 192 [1986]). There is no merit to defendant's argument that the 1986 loan agreement could not be extinguished without plaintiff's consent. Plaintiff was only a guarantor of that loan, not a party to it. We have considered defendant's other arguments and find them unavailing. Concur—Nardelli, J.P., Williams, Sweeny and Catterson, JJ.