HARLEM SUITES, LLC, Respondent, v 231 NORMAN AVE., LLC, et al., Appellants. [930 NYS2d 582]—

All defendants except DCIU guaranteed that plaintiff would be repaid $1,750,000 plus interest no later than March 4, 2009. Their argument that two agreements entered into in September 2007 (the Refinancing Agreements) constituted a novation of the 2005 operating agreement, construction agreement, and guaranty (the Original Agreements) is without merit (*see Water St. Dev. Corp. v City of New York*, 220 AD2d 289, 290 [1995], *lv denied* 88 NY2d 809 [1996]). Far from expressing an intent to supersede the Original Agreements, one of the Refinancing Agreements states, "[A]ll of the obligations and guarantees currently existing between the parties undersigned shall continue after the refinance with North Fork Bank per the terms of the operative agreements . . . Specifically, the guarantee of [plaintiff's] equity investment and the indemnifications for the loans remain in place per the Construction Agreement and the Personal Guarantees."

Defendants' argument that there was an oral agreement to relieve them of their guarantees is also unavailing. The supposed partial performance was not "unequivocally referable to the modification" (*Rose v Spa Realty Assoc.*, 42 NY2d 338, 341 [1977]), and the conduct relied upon to establish estoppel was compatible with the Original Agreements (*id.* at 344).

Defendants' reliance on the original complaint is misplaced, since the amended complaint superseded the original complaint (*see Thompson v Cooper*, 24 AD3d 203, 205 [2005]). In any event, the original complaint said nothing about extinguishing defendants' guarantees.

Since there is no evidence in the record that DCIU gave a guarantee, and since plaintiff neither requested summary judgment against it nor explained why it was liable, we deny summary judgment as against DCIU. Concur—Mazzarelli, J.P., Moskowitz, Acosta, Renwick and DeGrasse, JJ. **[Prior Case History: 2010 NY Slip Op 31915(U).]**