■ CIT TECHNOLOGY FINANCING SERVICES I LLC, as Successor in Interest to CITICORP VENDOR FINANCE, INC., Appellant, v BRONX WESTCHESTER MEDICAL GROUP, P.C., Doing Business as BRONX WESTCHESTER MEDICAL GROUP and Another, Respondent. [986 NYS2d 101]—

Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered January 31, 2013, which, to the extent appealed from, denied plaintiff's motion to dismiss the affirmative defenses and for summary judgment on its breach of contract claims, unanimously modified, on the law, to grant the part of the motion seeking summary judgment as to liability under lease I, and otherwise affirmed, without costs.

In opposition to plaintiff's prima facie showing of breach of contract, through the submission of the three equipment leases at issue, the assignment of the lease agreements to plaintiff from its predecessor in interest, and documents showing defendant's failure to make payments in accordance with the agreements, defendant raised an issue of fact as to liability under leases II and III by submitting an affidavit by one of its former shareholders acknowledging that he signed lease I but denying that the signatures on leases II and III were his, and copies of the three lease agreements showing three noticeably different signatures (*see Banco Popular N. Am. v Victory Taxi Mgt.*, 1 NY3d 381, 383-384 [2004]). Neither repossession of the equipment under lease I nor defendant's claim of overpayment is sufficient to raise an issue of fact as to that lease.

We reject plaintiff's argument that defendant ratified leases II and III, since the record does not establish that defendant had full knowledge of all the material facts relating to the transaction (*see generally King v Fox*, 7 NY3d 181, 190 [2006]; *Matter of New York State Med. Transporters Assn. v Perales*, 77 NY2d 126, 131 [1990]). Concur—Gonzalez, P.J., Friedman, Moskowitz, Freedman and Kapnick, JJ.