■ PROFESSIONAL OFFSHORE OPPORTUNITY FUND, LTD., Respondent, v LLOYD J. BRAIDER et al., Defendants, and LAURA L. BRAIDER, Appellant. [994 NYS2d 619]—

In an action to foreclose a mortgage, the defendant Laura L. Braider appeals from (1) an order of the Supreme Court, Suffolk County (Whelan, J.), dated June 11, 2012, which denied her motion, in effect, pursuant to CPLR 317 and 5015 (a) (1) and (4) to vacate an order of the same court dated September 14, 2011, appointing a referee, and a judgment of foreclosure and sale of the same court entered May 1, 2012, insofar as against her, both entered upon her failure to appear or answer the complaint, (2) an order of the same court dated October 24, 2012, which denied her motion for leave to reargue and renew, and (3) an order of the same court dated March 1, 2013, which denied her motion, inter alia, pursuant to CPLR 5015 (a) (3) to vacate the judgment of foreclosure and sale entered May 1, 2012, insofar as against her.

Ordered that the appeal from so much of the order dated October 24, 2012, as denied that branch of the motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated June 11, 2012, is reversed, on the facts, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing to determine the validity of service of process upon the defendant Laura L. Braider and whether the court had jurisdiction to render the default order and judgment against her, and thereafter for a new determination of that branch of her motion which was, in effect, pursuant to CPLR 5015 (a) (4) to vacate the order dated September 14, 2011, insofar as against her, and the judgment of foreclosure and sale insofar as against her; and it is further,

Ordered that the order dated October 24, 2012, is affirmed insofar as reviewed; and it is further,

Ordered that the order dated March 1, 2013, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The instant appeals involve a mortgage foreclosure action commenced by the plaintiff, Professional Offshore Opportunity Fund, Ltd. (hereinafter PROOF), against, among others, the defendants Laura L. Braider (hereinafter the appellant) and her husband, Lloyd J. Braider (hereinafter the husband). In 2007, PROOF made a loan to the husband's business venture, Pasta Italiana, Inc. (hereinafter Pasta Italiana), which was secured by a guarantee signed by the appellant and the husband (hereinaf-

ter together the Braiders), and mortgages on real property in New York and in Vermont. In March 2011, subsequent to Pasta Italiana's default on the loan, PROOF commenced this foreclosure action. Prior to attempting service of copies of the summons and complaint upon the Braiders, PROOF's attorney emailed a request for waiver of service and waiver of service acknowledgment forms to the husband's business email address at Pasta Italiana. PROOF's attorney thereafter received, by facsimile transmission, waiver of service acknowledgment forms bearing what appeared to be the Braiders' signatures. Subsequently, in accordance with the waiver of service acknowledgment forms, PROOF emailed a copy of the summons and complaint to the husband's business email address at Pasta Italiana. In an order dated September 14, 2011, the Supreme Court granted PROOF's motion, in effect, to hold all of the defendants in the action in default, and to appoint a referee to compute the amount it owed to it. In March 2012, PROOF moved for leave to enter a judgment of foreclosure and sale, and, on May 1, 2012, a default judgment was entered against the Braiders, as well as the other defendants.

Subsequently, the appellant moved, inter alia, in effect, pursuant to CPLR 317 and CPLR 5015 (a) (1) and (4) to vacate both the order dated September 14, 2011, and the judgment of foreclosure and sale insofar as against her. The appellant submitted an affidavit in which she stated that her signature on the waiver of service acknowledgment form was forged, that she never received either the waiver of service acknowledgment form or a copy of the summons and complaint and that, therefore, the Supreme Court did not have jurisdiction to enter either the order or the judgment against her. Although "[s]omething more than a bald assertion of forgery is required to create an issue of fact contesting the authenticity of a signature" (*Banco Popular N. Am. v Victory Taxi Mgt.*, 1 NY3d 381, 384 [2004]), here, the appellant raised a question of fact as to whether she signed the waiver of service acknowledgment form by establishing that she was not involved with the husband's business, she had not participated in negotiations with either PROOF's attorneys or her husband's attorneys concerning the waiver of service upon her, her signature on the waiver of service acknowledgment form was not notarized, and she had never previously received correspondence at the husband's business email address. Under these circumstances, we cannot conclude that service upon the appellant by email was proper (*compare Safadjou v Mohammadi*, 105 AD3d 1423, 1425-1426 [2013]; *Alfred E. Mann Living Trust v ETIRC Aviation S.A.R.L.*, 78 AD3d 137, 140-141 [2010]). Since the appellant rebutted the presump-

tion of proper service, a hearing to determine the validity of service of process upon the appellant must be conducted (see *Hopkins v Tinghino*, 248 AD2d 794, 795 [1998]), and, thereafter, a new determination must be made of that branch of her motion which was, in effect, pursuant to CPLR 5015 (a) (4).

We note, however, that the Supreme Court properly denied those branches of the appellant's motion which were pursuant to CPLR 317 and 5015 (a) (1). Neither of those provisions affords a basis for vacating the order dated September 14, 2011, or the judgment insofar as against the appellant, as she failed to establish the existence of a potentially meritorious defense (see *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141-143 [1986]). The appellant's affidavit asserting that her signature had also been forged on the notarized mortgages and guarantee agreement, without more, was insufficient to establish a potentially meritorious defense (cf. *Banco Popular N. Am. v Victory Taxi Mgt.*, 1 NY3d at 384).

The Supreme Court properly denied that branch of the appellant's motion which was for leave to renew her motion to vacate the order and the judgment against her. A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [2], [3]; see *Rakha v Pinnacle Bus Servs.*, 98 AD3d 657, 657 [2012]; *DeMarquez v Gallo*, 94 AD3d 1039, 1040 [2012]; *Matter of Choy v Mai Ling Lai*, 91 AD3d 772, 772 [2012]; *Ferdico v Zweig*, 82 AD3d 1151, 1153 [2011]). While a court has discretion to entertain renewal based on facts known to the movant at the time of the original motion, the movant must set forth a reasonable justification for the failure to submit the information in the first instance (see *Deutsche Bank Trust Co. v Ghaness*, 100 AD3d 585, 586 [2012]; *Matter of Catherine V.D. [Rachel G.]*, 100 AD3d 992, 993 [2012]; *Worrell v Parkway Estates, LLC*, 43 AD3d 436, 437 [2007]). Here, the Supreme Court properly found that the appellant did not offer a reasonable justification for her failure to submit the husband's affidavit and a report of a handwriting analyst in opposition to the plaintiff's initial motion (see *Empire State Conglomerates v Mahbur*, 105 AD3d 898, 899 [2013]; *Matter of Catherine V.D. [Rachel G.]*, 100 AD3d at 993). Accordingly, the Supreme Court properly denied that branch of the appellant's motion which was for leave to renew (see *Aha Sales, Inc. v Creative Bath Prods., Inc.*, 110 AD3d 1020, 1020 [2013]; *Snolis v Clare*, 81 AD3d 926, 927 [2011]).

The Supreme Court also properly denied that branch of the

appellant's separate motion which was pursuant to CPLR 5015 (a) (3) to vacate the judgment insofar as against her. The appellant failed to show that the plaintiff engaged in any fraud or misconduct that would warrant vacatur of the default judgment pursuant to CPLR 5015 (a) (3) (*see U.S. Bank N.A. v Allen*, 102 AD3d 955, 955 [2013]; *U.S. Bank N.A. v Tate*, 102 AD3d 859, 860 [2013]; *Deutsche Bank Natl. Trust Co. v Hunter*, 100 AD3d 810, 811 [2012]; *Bank of N.Y. v Stradford*, 55 AD3d 765, 766 [2008]).

The appellant's remaining contention is not properly before this Court. Skelos, J.P., Roman, Hinds-Radix and Maltese, JJ., concur.