Countrywide Home Loans, Inc. v Ward (2018 NY Slip Op 08628)





Countrywide Home Loans, Inc. v Ward


2018 NY Slip Op 08628


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
JEFFREY A. COHEN, JJ.


2016-04997
 (Index No. 4962/03)

[*1]Countrywide Home Loans, Inc., respondent, 
v
Brenda S. Ward, appellant, et al., defendants.


Ryanne Konan, Wappingers Falls, NY, for appellant.
Frenkel Lambert Weiss Weisman & Gordon, LLP (Reed Smith LLP, New York, NY [Andrew B. Messite and Joseph B. Teig], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Brenda S. Ward appeals from an order of the Supreme Court, Dutchess County (Christine A. Sproat, J.), dated April 29, 2016. The order denied her motion pursuant to CPLR 2221(e) for leave to renew her prior cross motion pursuant to CPLR 5015(a), inter alia, to vacate her default in answering the complaint, which was denied in an order of the same court dated May 28, 2015.
ORDERED that the order is affirmed, with costs.
In March 1999, the defendant Brenda S. Ward (hereinafter the defendant) and her then husband, Melvin S. Ward, executed a promissory note in the amount of $163,600 in favor of Island Mortgage Network, Inc. (hereinafter Island Mortgage), the repayment of which was secured by a mortgage on the subject property. In October 2003, Island Mortgage's successor-in-interest, Washington Mutual Bank, FA (hereinafter WaMu), commenced this action to foreclose the mortgage, eventually obtaining a default judgment of foreclosure and sale (hereinafter the judgment) on March 2, 2004. The parties subsequently attempted to renegotiate the subject loan, and the defendant eventually filed for bankruptcy in 2008, further delaying the foreclosure and sale of the subject property.
In January 2015, WaMu moved, inter alia, to substitute an affidavit of merit and amount due in place of the affidavits attached to prior motion papers, to ratify the judgment, and to allow WaMu to proceed with the instant foreclosure and sale. The defendant cross-moved pursuant to CPLR 5015, inter alia, to vacate her default in answering the complaint and to vacate the judgment. By order dated May 28, 2015, the Supreme Court, inter alia, denied the defendant's cross motion. In a subsequent order dated October 6, 2015, the court, inter alia, ratified the judgment and amended the caption to substitute Countrywide Home Loans, Inc. (hereinafter Countrywide), as the named plaintiff in the action.
In February 2016, represented by new counsel, the defendant moved pursuant to CPLR 2221(e) for leave to renew her cross motion. Countrywide opposed the motion. In the order appealed from, the Supreme Court denied leave to renew.
A motion for leave to renew "shall be based upon new facts not offered on the prior [*2]motion that would change the prior determination" and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][2], [3]; see Professional Offshore Opportunity Fund, Ltd. v Braider, 121 AD3d 766, 769; Matter of Choy v Mai Ling Lai, 91 AD3d 772). It " is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation'" (JPMorgan Chase Bank, N.A. v Novis, 157 AD3d 776, 777, quoting Jovanovic v Jovanovic, 96 AD3d 1019, 1020). "While a court has discretion to entertain renewal based on facts known to the movant at the time of the original motion, the movant must set forth a reasonable justification for the failure to submit the information in the first instance" (Professional Offshore Opportunity Fund, Ltd. v Braider, 121 AD3d at 769; see JPMorgan Chase Bank, N.A. v Novis, 157 AD3d at 777; Deutsche Bank Trust Co. v Ghaness, 100 AD3d 585, 586). "Reasonable justification does not exist where the new evidence consists of documents which the [moving party] knew existed, and were in fact in his own possession at the time the initial motion was made" (Cioffi v S.M. Foods, Inc., 129 AD3d 888, 891 [internal quotation marks omitted]; see Rowe v NYCPD, 85 AD3d 1001, 1003).
Here, the materials submitted by the defendant in support of her motion for leave to renew were all reasonably available to her at the time she filed her original cross motion, and no reasonable justification was offered for the defendant's failure to submit the materials in the first instance (see Robinson v Viani, 140 AD3d 845, 848; Rowe v NYCPD, 85 AD3d at 1003). In any event, the purported new facts would not have changed the prior determination (see CPLR 2221[e][2]; Bank of N.Y. Mellon v Izmirligil, 88 AD3d 930, 932).
Accordingly, we agree with the Supreme Court's determination denying the defendant's motion for leave to renew.
LEVENTHAL, J.P., CHAMBERS, AUSTIN and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court