Globe Trade Capital, LLC v Hoey (2021 NY Slip Op 06154)





Globe Trade Capital, LLC v Hoey


2021 NY Slip Op 06154


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2016-10130
 (Index No. 8495/14)

[*1]Globe Trade Capital, LLC, respondent,
v
Thomas J. Hoey, Jr., et al., appellants, et al., defendants.


Joseph T. Adragna, Huntington, NY, for appellants.
Meyer, Suozzi, English & Klein, P.C., Garden City, NY (Howard B. Kleinberg and Michael Kwiatkowski of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Thomas J. Hoey, Jr., and Wendy Hoey, individually and as trustees of the Thomas J. Hoey Jr. and Wendy Hoey Living Trust appeal from a judgment of foreclosure and sale of the Supreme Court, Nassau County (Daniel R. Palmieri, J.), entered September 5, 2017. The judgment of foreclosure and sale, inter alia, upon an order of the same court entered August 10, 2016, denying the motion of the defendant Wendy Hoey, individually and as trustee of the Thomas J. Hoey Jr. and Wendy Hoey Living Trust, for summary judgment dismissing the complaint insofar as asserted against her individually and as trustee of the Thomas J. Hoey Jr. and Wendy Hoey Living Trust and granting the plaintiff's cross motion, inter alia, for summary judgment on the complaint insofar as asserted against that defendant individually and as trustee of the Thomas J. Hoey Jr. and Wendy Hoey Living Trust and for an order of reference, upon an order of the same court entered March 21, 2017, denying the motion of the defendant Wendy Hoey, individually and as trustee of the Thomas J. Hoey Jr. and Wendy Hoey Living Trust, pursuant to CPLR 5015 to vacate the order entered August 10, 2016, and upon an order of the same court entered July 6, 2017, granting the plaintiff's motion for a judgment of foreclosure and sale, directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is affirmed, with costs.
The plaintiff entered into a loan agreement with two corporations (hereinafter the borrower corporations) that were wholly owned by the defendant Thomas J. Hoey, Jr. (hereinafter Thomas). In the loan agreement, dated September 19, 2013, the plaintiff agreed to extend to the borrower corporations a credit facility, or line of credit, in the maximum sum of $1.5 million. Thomas personally guaranteed the loan.
At all relevant times, Thomas and the defendant Wendy Hoey (hereinafter Wendy and, together with Thomas, the defendants), who were married, were the trustees of the Thomas J. Hoey Jr. and Wendy Hoey Living Trust (hereinafter the Trust). On or about September 30, 2013, as collateral for the loan, the defendants, as trustees of the Trust, purportedly gave the plaintiff a collateral mortgage on real property owned by the Trust, located in Nassau County. The plaintiff recorded the mortgage on March 20, 2014.
In early 2014, the borrower corporations defaulted in payments of the loan. Around that same time, Thomas was arrested and charged with federal crimes, of which he was ultimately convicted. On or about April 3, 2014, the borrower corporations filed Chapter 11 bankruptcy petitions. Those bankruptcy proceedings were subsequently converted to Chapter 7 liquidation proceedings.
The plaintiff commenced the instant action to foreclose the mortgage on the Nassau County property, against, among others, the defendants, individually and in their capacities as trustees of the Trust. The plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against Thomas, individually and as trustee of the Trust, was granted in an order entered June 30, 2015. By order entered August 10, 2016, the Supreme Court denied Wendy's motion for summary judgment dismissing the complaint insofar as asserted against her individually and as trustee of the Trust, and granted the plaintiff's cross motion, inter alia, for summary judgment on the complaint insofar as asserted against her and for an order of reference. Wendy subsequently moved pursuant to CPLR 5015 to vacate the order entered August 10, 2016, among other things, on the ground of newly discovered evidence. By order entered March 21, 2017, the court denied that motion. The plaintiff then moved for a judgment of foreclosure and sale. By order entered July 6, 2017, the court granted that motion. The court entered a judgment of foreclosure and sale on September 5, 2017.
Contrary to the plaintiff's contention, the sale of the subject property did not render this appeal academic (see CPLR 5015[d]; 5523; U.S. Bank, Natl. Assn. v Vanvliet, 24 AD3d 906, 909; see also CIT Tech. Fin. Servs., Inc. v Tricycle Enters., Inc., 13 AD3d 783, 784).
The Supreme Court properly granted those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against Wendy, individually and as trustee of the Trust, and for an order of reference. The plaintiff established its prima facie entitlement to judgment as a matter of law by producing copies of the mortgage agreement, the unpaid debt, and evidence of default (see U.S. Bank N.A. v Mezrahi, 169 AD3d 952, 953; Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1002). In opposition to the motion, Wendy argued, in relevant part, that the record showed that she did not sign the subject mortgage agreement. A certificate of acknowledgment attached to an instrument such as a deed or a mortgage raises a rebuttable presumption of due execution, which may be overcome only on "'proof so clear and convincing as to amount to a moral certainty'" (Stein v Doukas, 98 AD3d 1026, 1029, quoting Albany County Sav. Bank v McCarty, 149 NY 71, 80; see Beshara v Beshara, 51 AD3d 837, 838; Paciello v Graffeo, 32 AD3d 461, 462). However, Wendy did not raise a triable issue of fact as to forgery sufficient to overcome the presumption of regularity. "Something more than a bald assertion of forgery is required to create an issue of fact contesting the authenticity of a signature" (Banco Popular N. Am. v Victory Taxi Mgt., 1 NY3d 381, 384). As the court reasoned, the mere denial by Wendy, without more, did not raise a triable issue of fact as to the validity of the mortgage agreement (see id. at 384; U.S. Bank N.A. v Goldin, 160 AD3d 1012, 1013). Further, the affidavit of Wendy's forensic document examiner did not raise a triable issue of fact, as that expert merely opined that it was possible that Wendy's signature on the mortgage agreement had been transposed from another document (see Banco Popular N. Am. v Victory Taxi Mgt., 1 NY3d at 384; U.S. Bank N.A. v Goldin, 160 AD3d at 1013).
Contrary to the defendants' further contention, the Supreme Court properly denied Wendy's motion to vacate the order entered August 10, 2016. In order to succeed on a motion pursuant to CPLR 5015(a)(2) to vacate an order or judgment on the ground of newly discovered evidence, the movant must establish, inter alia, that the evidence could not have been discovered earlier through the exercise of due diligence (see US Bank N.A. v Eisler, 188 AD3d 1288, 1290; Wall St. Mtge. Bankers, Ltd. v Rodgers, 148 AD3d 1088, 1089). Here, Wendy did not set forth a reasonable excuse for having failed to earlier obtain the purportedly new evidence, i.e., an affidavit of Thomas in which he claimed, among other things, to not have signed the subject mortgage agreement (see generally JPMorgan Chase Bank, N.A. v Malarkey, 65 AD3d 718, 720; Cuccia v City of New York, 306 AD2d 2, 3). Further, even if that affidavit were considered, the mere bare denial by Thomas would not raise a triable issue of fact sufficient to overcome the presumption of [*2]validity of his notarized signature on the mortgage agreement (see Banco Popular N. Am v Victory Taxi Mgt., 1 NY3d at 384; U.S. Bank N.A. v Goldin, 160 AD3d at 1013).
The defendants' remaining contentions are without merit. Contrary to the defendants' contention, the mortgage agreement sufficiently referred to the obligation that it secured (see generally Matter of Jeffrey Towers v Straus, 31 AD2d 319, 323). In addition, there is no merit to the defendants' contention that the trust agreement did not authorize the trustees to execute the mortgage agreement. That agreement provided, inter alia, that the trustees were generally empowered "[t]o possess, manage, develop, subdivide, control, partition, mortgage, lease or otherwise deal with any and all real property" owned by the Trust. As such, the trust agreement authorized the trustees to grant a mortgage on the subject property, as collateral for a debt of the borrower corporations (see EPTL 11-1.1[b][5][D]).
The Supreme Court properly rejected Thomas's contention that his personal guaranty did not satisfy the statute of frauds. As the plaintiff does not seek to enforce the guaranty, the terms of the guaranty are not relevant here (cf. Parma Tile Mosaic & Marble Co. v Estate of Short, 87 NY2d 524; JP Morgan Chase Bank, N.A. v Cellpoint Inc., 54 AD3d 366).
The defendants' contention regarding the purported improper impairment of collateral is without merit. The defendants rely on UCC 3-606(1), which "applies to commercial paper, negotiable instruments, not to a guarantee" (Chemical Bank v PIC Motors Corp., 87 AD2d 447, 451, affd 58 NY2d 1023). Further, the record of the bankruptcy proceedings commenced by the borrower corporations shows that those corporations were "administratively insolvent." Consequently, any failure to timely file a UCC-1 financing statement, or other purported actions of the plaintiff, did not impair the plaintiff's right to recover against the assets of the borrower corporations.
The Supreme Court properly rejected the defendants' arguments regarding a purported novation of the loan agreement. "A novation requires a valid new contract" (Marcum, LLP v Silva, 117 AD3d 917, 918; see Old Oak Realty v Polimeni, 232 AD2d 536, 537). The record shows that the parties negotiated, but did not execute, a subsequent agreement. Moreover, that proposed agreement would have constituted only a modification of the initial agreement, and not a novation (see First Call Friendly Note Buyers, Inc. v McMenamy, 40 AD3d 1239, 1240; cf. Leeward Isles Resorts, Ltd. v Hickox, 49 AD3d 277, 278).
Finally, the defendants waived the defense of usury, as they did not raise usury as an affirmative defense in their answer or on a pre-answer motion to dismiss (see CPLR 3018[b]; 3211[e]; Power Up Lending Group, Ltd. v Cardinal Resources, Inc., 160 AD3d 674, 675-676).
RIVERA, J.P., HINDS-RADIX, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court