Sebrow v Sebrow (2022 NY Slip Op 03337)





Sebrow v Sebrow


2022 NY Slip Op 03337


Decided on May 19, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 19, 2022

Before: Kapnick, J.P., Webber, Mendez, Pitt, Higgitt, JJ. 


Index No. 33784/19E Appeal No. 15964 Case No. 2021-01311 

[*1]Betty Sebrow etc., et al., Plaintiffs-Appellants,
v
Zvi Sebrow, Defendant-Respondent, NYCTL 2017-A Trust et al., Defendants.


Jonathan A. Stein, P.C., Cedarhurst (Jonathan A. Stein of counsel), for appellants.
Joshua Annenberg, New York, for respondent.



Order, Supreme Court, Bronx County (Llinet M. Rosado, J.), entered October 9, 2020, which granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.
The documentary evidence on the motion to dismiss established that plaintiff is not a shareholder of Worbes Corporation and thus does not have standing to bring either individual or derivative claims. Specifically, the terms of the stockholders' agreement provide, among other things, that the shares owned by plaintiff's deceased husband — shares that plaintiff claims she now owns — could be transferred only with the consent of defendant or by a testamentary disposition to the deceased husband's issue. However, because neither one of these events occurred, the stock was never transferred to plaintiff.
We reject plaintiff's contention that the transfer restriction in the stockholders' agreement should not be enforced. Plaintiff's conclusory allegation that her husband's signature on the agreement was a forgery is insufficient to create an issue of fact contesting the signature's authenticity, as it amounts to nothing more than her opinion (see Banco Popular N. Am. v Victory Tax Mgt., 1 NY3d 381, 383-384 [2004]). Likewise, plaintiff submitted no evidence supporting her argument that her husband had actually signed a different shareholder agreement that did not prevent him from bequeathing or otherwise transferring his ownership interest in Worbes to her. As a result, there is no genuine dispute as to the authenticity of defendant's documentary evidence (see VXI Lux Holdco S.A.R.L. v SIC Holdings, LLC, 171 AD3d 189, 193 [1st Dept 2019]). In any event, given her complaint, which asserts her interest in the shares based upon the terms of the stockholders' agreement, plaintiff cannot now be heard to argue that the agreement is not legitimate or is of no legal effect.
The motion court also properly considered defendant's duly sworn affidavit attaching the stockholders' agreement even though it lacked the required CPLR 2309(c) certificate of conformity. The absence of such a certificate is a mere irregularity and not a fatal defect, and the motion court properly disregarded the irregularity under CPLR
2001 given that plaintiff has not alleged that it prejudiced her (see Forman v Whitney Ctr. for Permanent Cosmetics Corp, 172 AD3d 412, 413 [1st Dept 2019]; Charnov v New York City Bd. of Educ., 171 AD3d 409, 409-410 [1st Dept 2019]).
We have considered plaintiff's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 19, 2022