National Community Reinvestment Coalition, Inc. v Micro Off. Mgt. LLC (2022 NY Slip Op 05957)

National Community Reinvestment Coalition, Inc. v Micro Off. Mgt. LLC

2022 NY Slip Op 05957

Decided on October 25, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 25, 2022

Before: Webber, J.P., Singh, Moulton, González, Pitt, JJ. 

Index No. 652678/21 Appeal No. 16522-16522A Case No. 2022-00543 

[*1]National Community Reinvestment Coalition, Inc., Doing Business as National Community Reinvestment Coalition, Plaintiff-Respondent,
v
Micro Office Management LLC, Defendant-Appellant.

James J. DeCristofaro, New York, for appellant.
Landy Wolf, PLLC, New York (David A. Wolf of counsel), for respondent.

Judgment, Supreme Court, New York County (Laurence L. Love, J.), entered July 29, 2021, in favor of plaintiff against defendant in the amount of $276,928.61, and bringing up for review an order, same court and Justice, entered July 16, 2021, which granted plaintiff's motion for summary judgment in lieu of a complaint and denied defendant's cross motion to dismiss the action, unanimously affirmed, with costs.
The gravamen of this appeal is whether a stipulation of settlement was a modification or a novation of the underlying sublease agreement, which had been guaranteed by defendant. We find that to the extent defendant's claim of novation is not barred by the absolute and unconditional nature of the guaranty (see Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 493 [2015]; cf. United Orient Bank v Bao Lee, 223 AD2d 500 [1st Dept 1996]), the record evidence established, as a matter of law, that the stipulation was a modification, and thus it did not relieve defendant of its guaranty, which expressly applies to modifications (see Leeward Isles Resorts, Ltd. v Hickox, 49 AD3d 277, 277 [1st Dept 2008], lv dismissed 11 NY3d 914 [2009]; Bier Pension Plan Trust v Estate of Schneierson, 74 NY2d 312, 315-316 [1989]). The stipulation's operative terms clearly and unambiguously continued the sublease in full effect except as expressly modified by the stipulation. That language establishes that plaintiff, the primary tenant, and the subtenant did not intend to extinguish the sublease and replace it with the stipulation (see e.g. Harlem Suites, LLC v 231 Norman Ave., LLC, 88 AD3d 532, 533 [1st Dept 2011]; 2402 E. 69th St., LLC v Corbel Installations, Inc., 183 AD3d 859, 861-862 [2d Dept 2020]).
Defendant's reliance on the language in a "Wherefore" clause of the stipulation stating that the subtenancy had been terminated is unavailing. Although that statement conflicts with the operative terms discussed above, it does not render those terms ambiguous, and thus does not raise an issue of fact regarding whether the subtenant and plaintiff intended to extinguish the sublease and replace it with the stipulation (see Grand Manor Health Related Facility, Inc. v Hamilton Equities Inc., 65 AD3d 445, 447 [1st Dept 2009]; Matter of Legion of Christ, Inc. v Town of Mount Pleasant, 151 AD3d 858, 860 [2d Dept 2017]). Defendant's reliance on the holdover proceeding is also unavailing because plaintiff's commencement of that proceeding does not manifest an unequivocal intention to extinguish the sublease, especially in light of the stipulation's unambiguous substantive provisions continuing the sublease (see Arici v Poma, 202 AD3d 584, 585 [1st Dept 2022]).
Defendant's claim that the stipulation materially altered the subtenant's financial condition is speculative because the record is devoid of any evidence of the subtenant's financial condition at the time of the sublease or the stipulation (cf. Jones v Ballon, [*2]Stoll & Itzler, 1990 WL 113120 [SD NY, July 27, 1990, No. 88-CV-8459 (CSH)]). To the extent defendant contends that the stipulation expanded its risk because without that agreement, its liability would have been cut off in February 2019, defendant does not provide support for its position.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 25, 2022