| |
|---|
| **Panasia Estate Inc. v Glazer** |
| 2024 NY Slip Op 31070(U) |
| March 29, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 150764/2023 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. MARY V. ROSADO                          PART            33M

                                          _Justice_

-------------------------------------------------------------------X

PANASIA ESTATE INC.,                          INDEX NO.           150764/2023

                           Plaintiff,         MOTION DATE         01/25/2023

                                              MOTION SEQ. NO.        001
        - V -

ANDREW GLAZER, DANIEL GLAZER                   **DECISION + ORDER ON
                                               MOTION**
                           Defendant.

-------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 13, 14, 15, 16, 18, 19, 20, 21, 22, 23, 24

were read on this motion to/for          JUDGMENT - SUMMARY IN LIEU OF COMPLAINT.

Upon the foregoing documents, and after oral argument which took place on October 10, 2023 with Thomas Sottile, Esq. appearing for Plaintiff Panasia Estate Inc. ("Plaintiff") and John M. Hendele IV, Esq. appearing for Defendants Andrew Glazer and Daniel Glazer (together "Defendants"), Plaintiff's motion for an order (1) granting summary judgment against Defendants and in favor of Plaintiff as to liability on Plaintiff's cause of action for breach of guaranty; (2) granting Plaintiff a money judgment against Defendants jointly and severally for rent due and owing under the Lease Agreement and Personal Guaranty; (3) granting Plaintiff a money judgment against Defendants jointly and severally for legal fees incurred by Plaintiff in connection with prior litigations against tenant non-Party Shadowbox Holdings LLC ("Tenant") for possession of the lower level and a portion of the ground floor of 28 West 20th Street, New York, New York (the "Premises") and Tenant's bankruptcy; and (4) setting this matter down for an inquest on damages, fees, attorneys' fees, costs, and disbursements of this action, is denied.

[* 1]

## I.    Background and Procedural History

Plaintiff is the current owner of the Premises (NYSCEF Doc. 4 at ¶ 4). Plaintiff and Tenant entered into a lease agreement dated September 25, 2014 (the "Lease") through which Plaintiff leased the Premises to Tenant (NYSCEF Doc. 5). Concurrent with Tenant's execution of the Lease, Defendants executed a limited guaranty dated September 25, 2014 (the "Guaranty"), through which they jointly and severally guaranteed Tenant's obligations under the Lease (NYSCEF Doc. 6). The Guaranty provides, *inter alia,* that Defendants "absolutely, irrevocably and unconditionally, guarantee[] to Owner" all sums payable under the Lease (NYSCEF Doc. 6 at ¶2). Further, paragraph 10 of the Lease states that Defendants "shall pay all of Owner's reasonable costs and expenses…in enforcing this Guaranty" (NYSCEF Doc. 6 at ¶ 10).

Tenant subsequently defaulted on its rent obligations under the terms of the Lease (NYSCEF Doc. 4 at ¶ 6). While Defendants contend that Tenants default occurred "solely as a result of the COVID-19 related closure orders" between March 7, 2020 and June 30, 2021 (NYSCEF Doc. 18 at 3), Plaintiff contends that Tenant's defaults pre-date the COVID-19 Pandemic and were "wholly unrelated to payment issues and the COVID-19 Pandemic" (NYSCEF Doc. 23 at 7).

On January 25, 2023 Plaintiff commenced the instant motion for summary judgment against Defendants in lieu of filing a complaint (NYSCEF Doc. 2). In support of its motion, Plaintiff contends that it has met its *prima facie* burden on summary judgment by proving the existence of the guaranty, the underlying monthly rent arrears, and Defendants failure to perform under the Guaranty (NYSCEF Doc. 3 at 11). Plaintiff further argues that N.Y., Code § 22- 1005, which prohibits the enforcement of personal guaranties of New York City commercial leases involving COVID-19 impacted tenants, should not limit Plaintiff's recovery, as Tenant's default

**150764/2023   PANASIA ESTATE INC., vs. GLAZER, ANDREW ET AL**                                    Page 2 of 6
Motion No.  001

2 of 6

and Defendants' payment obligations were unrelated to the COVID-19 Pandemic (NYSCEF Doc. 3 at 12).

In opposition to Plaintiff's motion, Defendants contend that Plaintiff is not entitled to summary judgment pursuant to CPLR 3213 because the Guaranty is not an unconditional promise to pay a sum certain, and because material questions of fact remain regarding damages, and whether N.Y., Code § 22- 1005 precludes Plaintiff from recovering under the Guaranty (NYSCEF Doc. 18).

## II. Discussion

### a. Standard

Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.,* 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial. (*See e.g., Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]; *Pemberton v New York City Tr. Auth.,* 304 AD2d 340, 342 [1st Dept 2003]). Mere conclusions of law or fact are insufficient to defeat a motion for summary judgment (*see Banco Popular North Am. v Victory Taxi Mgt., Inc.,* 1 NY3d 381 [2004]).

*[The remainder of this page is intentionally left blank]*

150764/2023 PANASIA ESTATE INC., vs. GLAZER, ANDREW ET AL
Motion No. 001

Page 3 of 6

b. Plaintiff's Claims are Entitled to Consideration Under CPLR 3123

Pursuant to CPLR 3213, "[w]hen an action is based upon an instrument for the payment of money only or upon any judgment, the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint." The purpose of CPLR 3213 is 'to provide quick relief on documentary claims so presumptively meritorious that a formal complaint is superfluous, and even the delay incident upon waiting for an answer and then moving for summary judgment is needless'" (*SpringPrince, LLC v Elie Tahari, Ltd.* 173 AD3d 544 [1st Dept 2019] citing *Weissman v Sinorm Deli*, 88 NY2d 437, 443 [1996]).

While it is well established that an unconditional guaranty is generally an instrument for the payment of money only (*Acadia Woods Partners, LLC v Signal Lake Fund LP*, 102 AD3d 522, 523 [1st Dept 2013]), the Court of Appeals has held that a document should not be considered an instrument for the payment of money only "if the court must consult other materials besides the bare document and proof of nonpayment, or if it must make more than a de minimis deviation from the face of the document" (*PDL Biopharma, Inc. v Wohlstadter*, 147 AD3d 494, 495 [1st Dept 2017]; see also *Weissman v Sinorm Deli*, 88 NY2d 437, 444 (1996)(holding that an instrument is not proper for summary judgment under CPLR 3213 where "outside proof is needed, other than simple proof of nonpayment or a similar *de minimus* deviation from the face of the document").

Here, as stated previously, the Guaranty provides, *inter alia,* that Defendants "absolutely, irrevocably and unconditionally, guarantee[] to Owner" all sums payable under the Lease (NYSCEF Doc. 6 at ¶ 2). Accordingly, the Court finds that the subject Guaranty is unconditional, the necessity to consult other documents relating to Plaintiff's claims is de minimis, and the

**150764/2023 PANASIA ESTATE INC., vs. GLAZER, ANDREW ET AL**
**Motion No. 001**

Page 4 of 6

Guaranty should be considered an "instrument for the payment of money only" for purposes of CPLR 3213.

### c. Plaintiff's Motion for Summary Judgment is Denied

To meet its *prima facie* burden on a motion made pursuant to CPLR 3213, a plaintiff must prove (1) the existence of the guaranty, (2) the underlying debt, and (3) the guarantor's failure to perform under the guaranty (*Davimos v Halle*, 35 AD3d 270, 272 [1st Dept 2006]). To oppose the motion once a *prima facie* showing is made, the defendant must present admissible evidence raising triable issues of material fact to preclude liability (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980].

Here, Plaintiff contends that the decision of Hon. Andrew Borrok dated March 23, 2021, confirms that the Tenant's arrears and defaults were unrelated to the Covid pandemic (NYSCEF Doc. 3 at 12). However, the Affidavit of Daniel Glazer states that Tenant was forced to cease its operations and close all of its facilities pursuant to state and municipal government orders which mandated the "closure of fitness studios operating in New York City in connection with the COVID-19 pandemic" (NYSCEF Doc. 19 at ¶ 6).

In light of the foregoing, the Court finds that Defendants have raised material questions of fact regarding whether the cause of Defendants default herein, and the extent to which Plaintiff's claims are precluded by N.Y., Code § 22- 1005, which preclude summary judgment. As such, Plaintiff's motion for summary judgment is denied.

Accordingly, it is hereby,

ORDERED that Plaintiff Panasia Estate Inc.'s motion for summary judgment is denied; and it is further

**150764/2023   PANASIA ESTATE INC., vs. GLAZER, ANDREW ET AL**
**Motion No.  001**

Page 5 of 6

5 of 6

ORDERED that the parties' moving and answering papers herein shall be deemed the complaint and answer in this action, respectively, pursuant to CPLR 3212; and it is further

ORDERED that on of before May 14, 2024 the parties are directed to submit a proposed Preliminary Conference Order to the Court via e-mail to SFC-Part33-Clerk@nycourts.gov. If the parties are unable to agree to a proposed Preliminary Conference Order, the parties are directed to appear for an in-person preliminary conference with the Court in room 442, 60 Centre Street, on May 15, 2024 at 9:30 a.m.; and it is further

ORDERED that within ten (10) days of entry, counsel for Defendants Andrew Glazer and Daniel Glazer shall serve a copy of this Decision and Order with notice of entry upon Plaintiff Panasia Estate Inc. at their last known business address; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 3/29/2024 | | _My V Rosar JSC_ |
| DATE | | HON. MARY V. ROSADO, J.S.C. |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | | GRANTED | x DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

150764/2023   PANASIA ESTATE INC., vs. GLAZER, ANDREW ET AL
Motion No.  001

Page 6 of 6

6 of 6