## Apollo v Metro-North Commuter R.R. Co.

2024 NY Slip Op 33435(U)

September 30, 2024

Supreme Court, New York County

Docket Number: Index No. 155822/2022

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>HON. MARY V. ROSADO</u>        PART             **33M**

                                                      *Justice*

------------------------------------------------------------------------X

FRANK APOLLO, JR. and MARIA APOLLO,

                    Plaintiff,

             - v -

METRO-NORTH COMMUTER RAILROAD COMPANY,
NEW YORK CITY TRANSIT AUTHORITY, and
METROPOLITAN TRANSPORTATION AUTHORITY

                  Defendant.

------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 155822/2022 |
| MOTION DATE | 06/25/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46

were read on this motion to/for           SUMMARY JUDGMENT (AFTER JOINDER)   .

Upon the foregoing documents, Defendants Metro-North Commuter Railroad ("Defendant Metro-North"), New York City Transit Authority ("Defendant NYCTA)", and Metropolitan Transport Authority's ("Defendant MTA") (collectively, "Defendants") motion seeking summary judgment dismissing Plaintiffs Frank Apollo Jr. ("Plaintiff") and Maria Apollo's ("Plaintiff Maria Apollo") (collectively, "Plaintiffs") Amended Complaint is granted in part and denied in part.[1]

## I.    Background

This is an action to recover for personal injuries allegedly sustained by Plaintiff after he slipped and fell on premises operated and maintained by Defendant Metro-North (*see generally* NYSCEF Doc. 21). Plaintiff testified that he came up to the top of the stairs at the exit of Grand Central Station, took two steps in "a puddle of muck," lost balance, slipped, and fell (NYSCEF Doc. 19 at 17:24-18:1-15, 29:8-16). Plaintiff described the puddle as a combination of water and

---

[1] Plaintiffs agree that Defendants New York City Transit Authority and Metropolitan Transport Authority are improper parties in this action (NYSCEF Doc. 38 at ¶ 6). This motion is therefore granted in part as to dismissal of these two Defendants.

**155822/2022  APOLLO JR, FRANK ET AL vs. METRO-NORTH COMMUTER RAILROAD**       **Page 1 of 4**
**COMPANY ET AL**
**Motion No. 001**

[* 1]

1 of 4

dirt that people were tracking into the station (NYSCEF Doc. 19 at 37:10-18). Plaintiff testified that a stanchion was put near the area by one of the officers after the accident (NYSCEF Doc. 44:23-25). Plaintiff identified a yellow cone in photographs of the area but testified he had not seen it at the time of the accident and that he did not know who placed it there (*see* NYSCEF Docs. 42, and 19 at 46:22-47:5).

Defendants move for summary judgment and argue that Plaintiffs have failed to produce any evidence that the dangerous condition existed and caused his injuries, or that Defendant Metro-North had notice of the dangerous condition at the time of the accident. Plaintiffs oppose by arguing that Plaintiff has sufficiently testified to there being a dangerous condition that caused his injury, and that Defendant Metro North has failed to prove timely inspection of the premises so as to constitute lack of notice. Conflicting evidence has been submitted by both parties in the form of deposition testimony, photographical evidence, and video evidence, *inter alia*, regarding Plaintiff's accident (*see* NYSCEF Docs. 18-30, and 39-43).

## II.      Discussion

Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (Vega v Restani Const. Corp., 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Pemberton v New York City Tr. Auth.*, 304 AD2d 340, 342 [1st Dept 2003]). Mere conclusions of

**155822/2022   APOLLO JR, FRANK ET AL vs. METRO-NORTH COMMUTER RAILROAD**                    **Page 2 of 4**
**COMPANY ET AL**
**Motion No.  001**

2 of 4

[* 2]

law or fact are insufficient to defeat a motion for summary judgment (*see Banco Popular North Am. v Victory Taxi Mgt., Inc.*, 1 NY3d 381 [2004]).

Viewing the facts in the light most favorable to the non-moving party, and given Plaintiffs' submitted evidence, the Court finds that there exist triable issues of fact which preclude granting Defendants summary judgment. Defendant Metro-North contends that Plaintiffs have failed to submit any evidence that establishes that a dangerous condition existed at the time of Plaintiff's accident (NYSCEF Doc. 33 at p. 7). Plaintiff testified to having slipped on a puddle (NYSCEF Doc. 19 at 17:24-25, 18:1-15, 29:8-16). To support this argument, Plaintiffs submitted photographs of the area and video images of the rainy conditions outside the premises (*see* NYSCEF Docs. 40-43). The Court finds that Plaintiff's testimony, in conjunction with supporting photographical and video evidence, conflicted with Defendants' evidence therefore raising triable issues of fact as to whether there was a dangerous condition on the premises (*see Scaccia v Brookfield Properties One WFC Co., LLC*, 227 Ad3d 515, 516 [1st Dept 2024] [where evidence that conflicted with movants' assertion that a dangerous condition did not exist created a triable issue of fact precluding the grant of summary judgment]).

Accordingly, it is hereby,

ORDERED that Defendants Metro-North Commuter Railroad, New York City Transit Authority, and Metropolitan Transport Authority's motion for summary judgment dismissing Plaintiffs' Complaint is granted as to Defendants New York City Transit Authority and Metropolitan Transport Authority; and it is further

ORDERED that Defendants Metro-North Commuter Railroad, New York City Transit Authority, and Metropolitan Transport Authority's motion for summary judgment dismissing Plaintiffs' Complaint is denied as to Defendant Metro-North Commuter Railroad; and it is further

**155822/2022  APOLLO JR, FRANK ET AL vs. METRO-NORTH COMMUTER RAILROAD
COMPANY ET AL
Motion No. 001**

**Page 3 of 4**

[* 3]

3 of 4

ORDERED that within ten days of entry, counsel for Defendants Metro-North Commuter Railroad, New York City Transit Authority, and Metropolitan Transport Authority shall serve a copy of this Decision and Order, with notice of entry, on all parties to this case; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 9/30/2024 | | Mary V Rosar Jsc |
|-----------|--|------------------|
| **DATE** | | **HON. MARY V. ROSADO, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | x | NON-FINAL DISPOSITION | | |
|------------|--|---------------|--|---|----------------------|--|--|
| | | GRANTED | DENIED | x | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**155822/2022   APOLLO JR, FRANK ET AL vs. METRO-NORTH COMMUTER RAILROAD COMPANY ET AL**
**Motion No.  001**

**Page 4 of 4**

4 of 4

[* 4]