■ METRO KITCHENWORKS SALES, LLC, Appellant-Respondent, v CONTINENTAL CABINETS, LLC, Respondent-Appellant. [820 NYS2d 79]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Brands, J.), dated February 17, 2005, as granted that branch of the defendant's pre-answer motion which was, in effect, to dismiss the amended complaint pursuant to CPLR 3211 (a) (1) and (3), and the defendant cross-appeals from so much of the same order as denied that branch of its cross motion which was to impose a sanction upon the plaintiff.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the defendant's pre-answer motion which was, in effect, to dismiss the amended complaint pursuant to CPLR 3211 (a) (1) and (3) is denied, and the amended complaint is reinstated; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In June 2000 the defendant entered into a written "Manufacturer's Agent Agreement" (hereinafter the Agreement) with "Metro Kitchenworks Sales, LLC," an entity which, at that time, did not exist. The Agreement was signed, on behalf of "Metro Kitchenworks Sales, LLC," by Andrew Strupp, Jack Markowitz, and Herb Brier. The purpose of the Agreement was to appoint "Metro Kitchenworks Sales, LLC" as the sole and exclusive agent for the defendant for a period of 10 years.

It is undisputed that Strupp and his associates thereafter performed services under the Agreement, and that the defendant paid them commissions. The relationship eventually soured, as Strupp suspected that the defendant was under-reporting its sales volume.

In July 2004, with approximately six years remaining under

the Agreement's term, Strupp, as organizer, caused the plaintiff, Metro Kitchenworks Sales, LLC, to be formed. The plaintiff subsequently commenced this action against the defendant to recover damages for breach of the Agreement, asserting a separate cause of action based on unjust enrichment, and seeking equitable relief in the form of an accounting and the imposition of a constructive trust. The defendant moved to dismiss the amended complaint pursuant to CPLR 3211 (a) (1) and (3), claiming that its only contractual relationship was with Strupp and his associates personally, and not with the plaintiff, which did not exist when the Agreement was entered into. The Supreme Court granted the defendant's motion and dismissed the amended complaint. We reverse the order insofar as appealed from.

When individuals purporting to act on behalf of a nonexistent principal enter into a contract with a third party, the contract does not for that reason alone become void or voidable at the whim of the third party. Rather, under well-settled principles of agency law, the contract generally remains valid and enforceable as between the third party and the individuals who executed the contract on behalf of the nonexistent principal. As a general rule, "[l]iability is based on the rule that one who assumes to act as agent for a nonexistent principal is himself [or herself] liable on the contract in the absence of an agreement to the contrary and on the theory of a breach of an implied warranty of authority" (14 NY Jur 2d, Business Relationships § 96; see Bay Ridge Lbr. Co. v Groenendaal, 175 AD2d 94, 96 [1991]; Brandes Meat Corp. v Cromer, 146 AD2d 666, 667 [1989]; Puro Filter Corp. of America v Trembley, 266 App Div 750 [1943]).

As a corollary to this rule, the purported principal, which had neither de facto nor de jure existence at the time the contract was entered into, cannot be bound by the terms thereof "unless the obligation is assumed in some manner by the corporation after it comes into existence by adopting, ratifying, or accepting it" (14 NY Jur 2d, Business Relationships § 97). Most pertinently, for purposes of this appeal, "[a] corporation may sue upon a contract made for it by its promoters where it has adopted or ratified the contract after coming into legal existence, but the contract must have been executed for or in behalf of the corporation" (14 NY Jur 2d, Business Relationships § 99; see Bommer v American Spiral Spring Butt Hinge Mfg. Co., 81 NY 468 [1880]; Matter of Jacoby, 33 NYS2d 621, 624-625 [1942]; Castorland Milk & Cheese Co. v Shantz, 179 NYS 131, 134 [1919]; Annotation, Right of Corporation to Sue on Contract Made by Promoters Before its Organization, 66 ALR 1425).

Applying these principles in the context of a preanswer motion to dismiss pursuant to CPLR 3211, the defendant failed to establish that the Agreement was not a valid, binding, and enforceable contract made in June 2000 for or on behalf of a nonexistent principal and subsequently adopted, ratified, or accepted by the plaintiff after its formation. Accordingly, that branch of the defendant's motion which was to dismiss the amended complaint pursuant to CPLR 3211 (a) (1) and (3) should have been denied.

Contrary to the defendant's contention on the cross appeal, the Supreme Court providently exercised its discretion in denying that branch of its motion which was to impose a sanction upon the plaintiff.

The defendant's remaining contentions are without merit. Adams, J.P., Skelos, Fisher and Lunn, JJ., concur.