Arici v Poma (2020 NY Slip Op 01248)





Arici v Poma


2020 NY Slip Op 01248


Decided on February 20, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2020

Gische, J.P., Webber, Oing, Singh, JJ.


11069 654665/17

[*1] Adem Arici, Plaintiff-Appellant,
v
Andrew Poma, Defendant-Respondent.


Law Office of Michael H. Joseph, PLLC, White Plains (Michael Joseph of counsel), for appellant.
Woods Lonergan, PLLC, New York (Annie E. Causey of counsel), for respondent.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered on or about June 4, 2019, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment and to dismiss the counterclaim for indemnification, unanimously affirmed, without costs.
The court correctly determined that issues of fact exist as to whether the promissory note issued by a corporation in which defendant was a primary shareholder extinguished the debt balance of the stock purchase agreement whereby defendant had agreed to purchase plaintiff's interest in the corporation. Nothing in the promissory note establishes that plaintiff agreed to accept the note as a novation of defendant's contractual obligations. Nor does anything in the note establish that it is a guaranty. The documents do not specify the nature of their relationship. Thus, contrary to plaintiff's contention, the parol evidence rule does not apply to the issue whether the stock purchase agreement and the promissory note are distinct or mutually dependent, and the issue cannot be decided on summary judgment (see National Union Fire Ins. Co. of Pittsburgh, Pa. v Christopher Assoc., 257 AD2d 1, 5 [1st Dept 1999]).
Our prior decision in this case on a motion to dismiss (168 AD3d 411 [1st Dept 2019]) is not inconsistent with this summary judgment adjudication (see Tenzer, Greenblatt, Fallon & Kaplan v Capri Jewelry, 128 AD2d 467 [1st Dept 1987]). Nor does our prior decision permitting plaintiff's assignee to recover on the note (Scharf v Idaho Farmers Mkt. Inc., 115 AD3d 500 [1st Dept 2014]) preclude these parties' disputes under the stock purchase agreement.
The court correctly declined to dismiss defendant's counterclaim for indemnification of damages arising out of tax liability that occurred before the stock purchase agreement was executed (see Feuer v Menkes Feuer, Inc., 8 AD2d 294, 297-298 [1st Dept 1959]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 20, 2020
CLERK