Sutton v Houllou (2021 NY Slip Op 08211)





Sutton v Houllou


2021 NY Slip Op 08211


Decided on February 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-01521
 (Index No. 513118/15)

[*1]David Sutton, et al., respondents,
v
Albert Houllou, et al., appellants.


Mandelbaum Salsburg P.C., New York, NY (Joel G. MacMull and Ronald D. Coleman of counsel), for appellants.
Sher Tremonte LLP, New York, NY (Yonatan Y. Jacobs and Michael Tremonte of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated January 9, 2017. The order, insofar as appealed from, denied those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the ninth and the eleventh causes of action, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiffs, David Sutton and Max Sutton, commenced this action seeking, inter alia, the payment of distributions under the Limited Liability Company Agreement (hereinafter the agreement) of the defendant AMD Ventures, LLC (hereinafter AMD), dated May 8, 2012. The agreement stated that it was between the defendant AMH Retail, LLC (hereinafter AMH), and Damax Holdings, LLC (hereinafter Damax), which is a nonexistent entity. The plaintiffs executed the agreement as managers of Damax, and signed individually only for the purposes of two subsections of the agreement. The defendant Albert Houllou executed the agreement as manager of AMH.
The complaint alleges that Houllou approached the plaintiffs in May 2012, and proposed that they assist him in developing the e-commerce business of the defendant F & E Trading, LLC (hereinafter F & E), a company owned by Houllou and two other individuals. David Sutton attested that he and his brother Max had been informally doing business in the retail electronics industry as "Damax" and planned to form an LLC in that name. The plaintiffs allege that Houllou suggested they form a new entity together, AMD, which would have exclusive rights to F & E's retail business. The agreement specified that Damax was to be responsible for the day-to-day operations of AMD, under the direction of a board of managers appointed by the members, and that the plaintiffs were to work as full-time employees of Damax for the benefit of AMD. The agreement provided for distribution of the net profits of AMD on a regular basis.
The plaintiffs never took steps to form an LLC under the name Damax. They allege that they continued to perform work for AMD until March 2015, when Houllou terminated their positions. The plaintiffs contend that AMD made payments to the plaintiffs, but never issued the distributions contemplated by the agreement.
The defendants moved, pre-answer, pursuant to CPLR 3211(a) to dismiss the complaint and pursuant to CPLR 8501 to require the plaintiffs to post an undertaking. By order dated January 9, 2017, the Supreme Court denied those branches of the motion which were pursuant to CPLR 3211(a) in their entirety, and directed the plaintiffs to post an undertaking. The defendants appeal.
"As a general rule, a person entering into a contract on behalf of a nonexistent corporate entity may be held personally liable on the contract" (Commissioners of State Ins. Fund v Staulcup, 95 AD3d 1259, 1261 [internal quotation marks omitted]; see San Sung Korean Methodist Church of New York v Professional USA Const. Corp., 14 AD3d 501, 503; Bay Ridge Lbr. Co., Inc. v Groenendaal, 175 AD3d 94, 96). Such "'[l]iability is based on the rule that one who assumes to act as agent for a nonexistent principal is himself [or herself] liable on the contract in the absence of an agreement to the contrary and on the theory of a breach of an implied warranty of authority'" (Metro Kitchenworks Sales, LLC v Cont. Cabinets, LLC, 31 AD3d 722, 723, quoting 14 NY Jur 2d Business Relationships § 94).
As a corollary, "[w]hen individuals purporting to act on behalf of a nonexistent principal enter into a contract with a third party, the contract does not for that reason alone become void or voidable at the whim of the third party. Rather, under well-settled principles of agency law, the contract generally remains valid and enforceable as between the third party and the individuals who executed the contract on behalf of the nonexistent principal" (Metro Kitchenworks Sales, LLC v Cont. Cabinets, LLC, 31 AD3d at 723; see Restatement [Third] Of Agency § 6.04). Contrary to the defendants' contention, the plaintiffs have standing to enforce the agreement, in light of the fundamental contract principle of the mutuality of obligation (see 1A William Meade Fletcher, Fletcher Cyc. Corp. § 217; cf. Hettinger v Kleinman, 733 F Supp2d 421, 434).
The defendants contend that the New York courts lack personal jurisdiction over AMH, AMD, and F & E because those defendants are entities incorporated in and with principal places of business in New Jersey. "When a defendant objects to the court's exercise of personal jurisdiction, the ultimate burden of proof rests upon the plaintiff" (Lowy v Chalkable, LLC, 186 AD3d 590, 591). "In opposing a motion to dismiss the complaint pursuant to CPLR 3211(a)(8) on the ground of lack of jurisdiction, a plaintiff need only make a prima facie showing that such jurisdiction exists" (Skutnik v Messina, 178 AD3d 744, 744-745 [internal quotation marks omitted]). "The facts alleged in the complaint and affidavits in opposition to such a motion to dismiss are deemed true and construed in the light most favorable to the plaintiff, and all doubts are to be resolved in favor of the plaintiff" (Lowy v Chalkable, LLC, 186 AD3d at 591 [internal quotation marks omitted]).
Pursuant to a forum selection clause in the subject agreement, the parties to the agreement agreed to submit to the jurisdiction of the state and federal courts in Kings County, New York (see Oak Rock Fin., LLC v Rodriguez, 148 AD3d 1036, 1038). Although "[a]s a general rule, only parties in privity of contract may enforce terms of the contract such as a forum selection clause found within the agreement" (Bernstein v Wysoki, 77 AD3d 241, 251 [internal quotation marks omitted]), it is well settled that "a nonparty that is 'closely related' to one of the signatories can enforce a forum selection clause" (May v U.S. HIFU, LLC, 98 AD3d 1004, 1006-1007, quoting Freeford Ltd. v Pendleton, 53 AD3d 32, 39). Under the "closely related" doctrine, a forum selection clause may also be enforced against a non-signatory, "where the non-signatory and a party to the agreement have such a 'close relationship' that it is foreseeable that the forum selection clause will be enforced against the non-signatory" (Highland Crusader Offshore Partners, L.P. v Targeted Delivery Tech. Holdings, Ltd., 184 AD3d 116; see Universal Inv. Advisory SA v Bakrie Telecom PTE, Ltd., 154 AD3d 171, 179; Tate & Lyle Ingredients Americas, Inc. v Whitefox Tech. USA, Inc., 98 AD3d 401, 403).
Construing the facts in the light most favorable to the plaintiffs, non-signatories F & E and AMD each had such a close relationship to AMH and to the transaction at issue, that it was foreseeable that the forum selection clause would be enforced against them (see Highland Crusader Offshore Partners, L.P. v Targeted Delivery Tech. Holdings, Ltd., 184 AD3d at 124; Tate & Lyle Ingredients Americas, Inc. v Whitefox Tech. USA, Inc., 98 AD3d 401, 403).
The Supreme Court should have granted that branch of the defendants' motion which was to dismiss the ninth cause of action, seeking damages from AMH and Houllou for tortious interference with contract. A tortious interference with contract claim cannot be maintained against a defendant which is a party to the contract at issue (see A.J. Temple Marble & Tile, Inc. v Long Is. R.R., 256 AD2d 526, 527). As neither AMH nor Houllou was a stranger to the agreement, the ninth cause of action must be dismissed (see Kassover v Prism Venture Partners, LLC, 53 AD3d 444, 449; Koret, Inc. v Christian Dior, S.A., 161 AD2d 156, 157).
The plaintiffs' eleventh cause of action, seeking dissolution of AMD, also must be dismissed, as "[a] claim for dissolution of a foreign limited liability company is one over which the New York courts lack subject matter jurisdiction" (Matter of MHS Venture Mgt. Corp. v Utilisave, LLC, 63 AD3d 840, 841; see Raharney Capital, LLC v Capital Stack LLC, 138 AD3d 83, 86).
The defendants' remaining contentions are without merit.
AUSTIN, J.P., HINDS-RADIX, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court