Arici v Poma (2022 NY Slip Op 01114)





Arici v Poma


2022 NY Slip Op 01114


Decided on February 22, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 22, 2022

Before: Renwick, J.P., Kennedy, Scarpulla, Rodriguez, Higgitt, JJ. 


Index No. 654665/17 Appeal No. 15352-15352A-15353B Case No. 2021-03223 

[*1]Adem Arici, Plaintiff-Appellant,
v
Andrew Poma, Defendant-Respondent.


Law Office of Michael H. Joseph, PLLC, White Plains (Michael H. Joseph of counsel), for appellant.
Woods Lonergan PLLC, New York (Annie E. Causey of counsel), for respondent.



Judgment, Supreme Court, New York County (Barry R. Ostrager, J.), entered August 11, 2021, in favor of defendant upon a jury verdict in defendant's favor on plaintiff's breach of contract claim, and bringing up for review order, same court and Justice, entered May 3, 2021, which denied plaintiff's motion in limine to preclude defendant from offering evidence, inter alia, that a promissory note issued by the business he controlled replaced his payment obligations under a stock purchase agreement, and an order, same court and Justice, entered June 23, 2021, which denied plaintiff's motion pursuant to CPLR 4404 to set aside the verdict and enter judgment as a matter of law or to set aside the verdict as against the weight of the evidence and order a new trial, unanimously affirmed, with costs.
Plaintiff Adem Arici commenced this action alleging that defendant Andrew Poma breached a stock purchase agreement (SPA), pursuant to which plaintiff sold his shares in Idaho Farmers Market, Inc. (Idaho) to defendant for $1,542,000. Plaintiff claims that defendant failed to make required payments under the SPA. At trial, defendant argued that a subsequently executed promissory note in which Idaho agreed to make the payments to plaintiff extinguished defendant's payment obligation under the SPA. The jury found in favor of defendant, thereby crediting defendant's claim that plaintiff accepted the note for the satisfaction of defendant's obligation under the SPA.
The verdict was not irrational or against the weight of the evidence (see generally Cohen v Hallmark Cards, Inc., 45 NY2d 493, 498-499 [1978]). "The elements of a novation are a previously valid obligation, agreement of the parties to the new obligation, extinguishment of the old [obligation], and a valid new contract" (Warberg Opportunistic Trading Fund L.P. v GeoResources, Inc., 151 AD3d 465, 472-473 [1st Dept 2017]). Here, defendant, as the party seeking to prove the novation, was required to demonstrate an "unequivocal intention to extinguish [his] prior obligation . . . and to replace it with the new obligation" (Meyersohn v Bloom, 259 AD2d 432, 433 [1st Dept 1999]). Consent to the novation may be implied from the writings and the conduct of the parties (see Warberg, 151 AD3d at 473; Schloss Bros. & Co. v Bennett, 260 NY 243, 248 [1932]; Trans-Orient Marine Corp. v Star Trading & Marine, Inc., 736 F Supp 1281, 1283 [SD NY 1990], affd 925 F2d 566 [2d Cir 1991]). Clear and convincing evidence existed here for the jury to conclude that the parties to the stock purchase agreement entered into between plaintiff and defendant intended to replace defendant's payment obligations under the agreement with a promissory note issued by the business entity defendant controlled. The weight to be accorded affidavits and affirmations of defendant and his prior counsel in prior litigations were issues of fact for the jury's consideration.
Based on our review of the record, we reject plaintiff's contention that he [*2]did not receive a fair trial. We have considered his remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 22, 2022