U.S. Bank N.A. v Kahn Prop. Owner, LLC (2022 NY Slip Op 03923)

U.S. Bank N.A. v Kahn Prop. Owner, LLC

2022 NY Slip Op 03923

Decided on June 15, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 15, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2019-11669
 (Index No. 609493/16)

[*1]U.S. Bank National Association, etc., plaintiff-respondent,
v
Kahn Property Owner, LLC, et al., defendants third-party plaintiffs-appellants, et al., defendants; LNR Partners, LLC, third-party defendants-respondents, et al., third-party defendants.

Law Offices of Joshua L. Dratel, P.C., New York, NY (Pollack Pollack Isaac & DeCicco, LLP [Brian J. Isaac], of counsel), for defendants third-party plaintiffs-appellants.
Venable LLP, New York, NY (Rishi Kapoor and Gregory A. Cross of counsel), for plaintiff-respondent and third-party defendants-respondents.

DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the defendants third-party plaintiffs, Kahn Property Owner, LLC, Gary Melius, Oheka Catering I, LLC, and Oheka Management, LLC, appeal from an order of the Supreme Court, Suffolk County (Elizabeth H. Emerson, J.), dated September 4, 2019. The order, insofar as appealed from, granted those branches of the motion of the plaintiff and the third-party defendants LNR Partners, LLC, and Starwood Capital Group, LLC, which were pursuant to CPLR 3211(a) to dismiss the counterclaims asserted against the plaintiff and the third-party causes of action sounding in tortious interference with contract, breach of fiduciary duty, and conversion insofar as asserted against the third-party defendants LNR Partners, LLC, and Starwood Capital Group, LLC.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The underlying facts of the main mortgage foreclosure action are summarized in a related appeal decided herewith (see U.S. Bank Natl. Assn. v Kahn Prop. Owner, LLC, _____ AD3d _____ [Appellate Division Docket No. 2019-05698; decided herewith]), and the underlying facts pertinent to the third-party action are summarized in a second related appeal, also decided herewith (see U.S. Bank Natl. Assn. v Kahn Prop. Owner, LLC, _____ AD3d _____ [Appellate Division Docket No. 2019-11613; decided herewith]).
The defendants third-party plaintiffs, Kahn Property Owner, LLC, Gary Melius, Oheka Catering I, LLC, and Oheka Management, LLC, asserted counterclaims against the plaintiff and third-party causes of action against the plaintiff's loan servicer, the third-party defendant LNR Partners, LLC, and the alleged parent company of LNR Partners, LLC, the third-party defendant Starwood Capital Group, LLC (hereinafter together the LNR defendants), among others. The plaintiff and the LNR defendants moved, among other things, pursuant to CPLR 3211(a)(1) and (7) to dismiss the counterclaims asserted against the plaintiff and the third-party causes of action [*2]sounding in, inter alia, tortious interference with contract, breach of fiduciary duty, and conversion insofar as asserted against the LNR defendants. The defendants third-party plaintiffs opposed the motion. In an order dated September 4, 2019, the Supreme Court, among other things, granted those branches of the motion, and the defendants third-party plaintiffs appeal.
Dismissal of a complaint based upon a defense founded upon documentary evidence pursuant to CPLR 3211(a)(1) may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations conclusively establishing a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Giambrone v Arnone, Lowth, Wilson, Leibowitz, Adriano & Greco, 197 AD3d 459, 461; Bonavita v Government Empls. Ins. Co., 185 AD3d 892, 893). "To be considered documentary, evidence must be unambiguous and of undisputed authenticity, that is, it must be essentially unassailable" (Bath & Twenty, LLC v Federal Sav. Bank, 198 AD3d 855, 855-856; see Cives Corp. v George A. Fuller Co., Inc., 97 AD3d 713, 714). "Judicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case" (Bath & Twenty, LLC v Federal Sav. Bank, 198 AD3d at 856 [internal quotation marks omitted]; see JPMorgan Chase Bank, N.A. v Klein, 178 AD3d 788, 790). "Affidavits, deposition testimony, and letters are not considered documentary evidence within the intendment of CPLR 3211(a)(1)" (Bonavita v Government Empls. Ins. Co., 185 AD3d at 893; see Rodolico v Rubin & Licatesi, P.C., 114 AD3d 923, 925).
Here, the Supreme Court correctly granted that branch of the motion which was pursuant to CPLR 3211(a)(1) to dismiss the counterclaims asserted against the plaintiff, because the right to assert counterclaims in any mortgage foreclosure action was explicitly waived in the mortgage agreement (see Weiss v Phillips, 157 AD3d 1, 10; KeyBank N.A. v Chapman Steamer Collective, LLC, 117 AD3d 991, 992; Mishal v Fiduciary Holdings, LLC, 109 AD3d 885). While the waiver provision exempts compulsory counterclaims, contrary to the defendants third-party plaintiffs' contention, that exemption does not apply here. "[B]ecause New York does not have a compulsory counterclaim rule, a defendant who fails to assert a counterclaim is not barred by the doctrine of res judicata from subsequently commencing a new action on that claim unless the claim would impair the rights or interests established in the first action" (Wax v 716 Realty, LLC, 151 AD3d 902, 904; see Pace v Perk, 81 AD2d 444, 460). Here, the defendants third-party plaintiffs failed to establish that any rights or interests established in this action would be impaired by a subsequent action on their counterclaims.
In assessing a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint, a court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88).
"A tortious interference with contract claim cannot be maintained against a defendant which is a party to the contract at issue" (Sutton v Houllou, 191 AD3d 1031, 1034). Here, the LNR defendants were not a stranger to the mortgage loan agreements at issue (see id. at 1034; XpresSpa Holdings, LLC v Cordial Endeavor Concessions of Atlanta, LLC, 171 AD3d 511, 513; UBS Sec. LLC v Highland Capital Mgt., L.P., 86 AD3d 469, 477). Further, the defendants third-party plaintiffs failed to sufficiently allege that the LNR defendants' actions caused the plaintiff to breach the mortgage loan agreements (see Ferrandino & Son, Inc. v Wheaton Bldrs., Inc., LLC, 82 AD3d 1035, 1036). Accordingly, the Supreme Court correctly granted that branch of the motion which was pursuant to CPLR 3211(a)(1) and (7) to dismiss the third-party cause of action sounding in tortious interference with contract insofar as asserted against the LNR defendants.
The Supreme Court also correctly granted that branch of the motion which was pursuant to CPLR 3211(a)(7) to dismiss the third-party cause of action sounding in breach of fiduciary duty insofar as asserted against the LNR defendants. The amended third-party complaint failed to sufficiently allege the existence of a fiduciary relationship between the LNR defendants and the defendants third-party plaintiffs (see EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19-20; Northeast Gen. Corp. v Wellington Adv., 82 NY2d 158, 162; Avery v WJM Dev. Corp., 197 AD3d [*3]1141, 1144-1145; Saul v Cahan, 153 AD3d 947, 949).
Further, the Supreme Court correctly granted that branch of the motion which was pursuant to CPLR 3211(a)(7) to dismiss the third-party cause of action sounding in conversion insofar as asserted against the LNR defendants, because that third-party cause of action only sought to recover damages for breach of contract, and no wrong independent of the breach of contract third-party cause of action was sufficiently pleaded in the amended third-party complaint (see Ebury Fund 1, LP v Arque Tax Receivable Fund, LP, 175 AD3d 1486, 1487; Hassett Belfer Senior Hous., LLC v Town of N. Hempstead, 270 AD2d 306, 307; Wolf v National Council of Young Israel, 264 AD2d 416, 417).
The remaining contention of the defendants third-party plaintiffs is without merit.
BRATHWAITE NELSON, J.P., IANNACCI, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court