## Global Merchant Cash Inc. v Trapp Constr. & Remodeling, LLC

2025 NY Slip Op 30160(U)

January 7, 2025

Supreme Court, Kings County

Docket Number: Index No. 535427/2023

Judge: Lisa S. Ottley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS – PART 24
-----------------------------------------------------------------x
GLOBAL MERCHANT CASH INC., d/b/a
WALL STREET FUNDING,

                                     Plaintiff,

      -against-

TRAPP CONTRUCTION & REMODELING, LLC D/B/A
TRAPP CONTRUCTION & REMODELING and DAVID
BRYAN TRAPP,

                                Defendants.
-----------------------------------------------------------------x

Motion Seq. #1

Index No. 535427/2023

**DECISION and ORDER**

**HON. LISA S. OTTLEY, J.S.C.**

Recitation, as required by CPLR 2219(a), of the papers considered in the review of this Notice of Motion to Dismiss submitted June 3, 2024.

| Papers | Numbered |
|---|---|
| Notice of Motion, Affirmation and Affidavit | 1, 2, 3 |
| Memorandum of Law in Support of Motion | 4 |
| Memorandum of Law in Opposition to Motion | 5 |

    Plaintiff commenced this action to recover damages for breach of contract and guaranty against the defendants for a sum certain totaling, $195,285.00. Defendants move to dismiss plaintiff's complaint pursuant to CPLR § 3211(a)(7) for failure to state a cause of action; lack of jurisdiction pursuant to CPLR 3211(a)(8) and General Obligations Law 5-1402; and excessive fees charged by the plaintiff. Plaintiff opposes defendants' motion.

    The underlying action seeks damages based on an alleged breach of a merchant cash advance agreement for future receivables, contract rights and other obligations relating to the payment of monies entered between the parties on or about March 22, 2023, whereby plaintiff purchased future receivables from the defendants, Trapp Construction & Remodeling, LLC d/b/a Trapp Construction & Remodeling and David Bryan Trapp. The complaint alleges four causes of action: (1) breach of contract against the company defendant; (2) breach of personal guaranty by the guarantors; (3) in the alternative, unjust enrichment and (4) fees, costs, and expenses.

    In support of defendants' motion seeking dismissal for failure to state a cause of action pursuant to CPLR 3211(a)(7), the defendants argue that plaintiff's complaint consists of bare legal conclusions and factual claims; and as a matter of law if there is a valid contract

1

[* 1]

claim, then the claims for unjust enrichment are duplicative. The defendants also argue that the court lacks personal jurisdiction pursuant to CPLR 3211(a)(8) and General Obligations Law 5-1402 since the choice of law clause has no relationship to this transaction and the amount sought by plaintiff does not comply with General Obligations Law 5-1402. The defendants argue that the fees set forth in the contract consisting of "default fee" or "liquidated damages fee" of $5,000.00, a "bounce fee" of $35.00, and a "UCC filing fee" of $250.00, are unlawful and serve as a penalty and not an amount reasonably calculated to reimburse the plaintiff for actual losses.

In opposition to defendants' motion to dismiss, the plaintiff argues that New York law uniformly allows parties to plead alternative causes of action and there is no basis for a court to dismiss an action in its entirety on the basis that some claims within the action are allegedly duplicative of each other. The plaintiff further argues that the defendants consented to this Court's jurisdiction and waived any objections thereto, agreeing that the contract would be governed by the law of the State of New York. The plaintiff argues that General Obligations Law 5-1402 is not the only means of establishing jurisdiction and therefore, its inapplicability is irrelevant in this case. As to the alleged excessive fees, the plaintiff argues that the defendants have not satisfied their burden of proving that the subject fees are a penalty since defendants failed to compare the agreement's fees with any financial calculation in which the fees might be disproportionate.

The court notes that a copy of the contract between the parties is part of the Summons and Complaint. (See, NYSCEF Documents #8 and 18).

## CPLR 3211(a)(7)

Pursuant to CPLR 3211(a)(7), the court must accept the facts alleged in the complaint as true, afford the plaintiff the benefit of every possible favorable inference, and determine only whether the facts alleged fit within any cognizable legal theory. Where evidentiary material is submitted and considered on a motion pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and unless it has been shown that a material fact claimed by the plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate. See, Guggenheimer v. Ginzburg, 43 N.Y.2d 268, 401 N.Y.S.2d 182 (1977). The test of the sufficiency of a pleading is whether the pleading gives sufficient notice of the occurrences or series of occurrences intended to be proved and whether the requisite elements of any cause of action known to our law can be discerned from its averments. See, Hampshire Props. V. BTA Bldg. & Developing, Inc., 122 A.D.3d 573 (2nd Dept., 2014).

The defendants' argument for dismissal pursuant to CPLR 3211(a)(7) based on the causes of action being bare legal conclusions and factual claims is unavailing. The summons and complaint annexed a copy of the agreement between the parties, which has not been refuted by the defendants. Defendants simply argue that plaintiff's causes of actions are "predicated by nothing more than monies owed pursuant to contract." In construing the

2

[* 2]

complaint herein liberally, accepting the facts alleged as true and giving the plaintiff the benefit of every possible favorable inference, as required, this Court finds that the plaintiff has stated causes of action for breach of contract, breach of personal guaranty, and fees, costs, and expenses. See, *Fora Financial Warehouse, LLC v. PMGL, LLC*, 83 Misc.3d 1208(A), 210 N.Y.S.3d 924 (Sup. Ct., Nassau Co., 2024).

Defendants argue that the plaintiff has failed to state a viable cause of action for unjust enrichment because the complaint also alleges the existence of a contract between the parties. Plaintiff alleges that the defendants have been unjustly enriched by receiving the purchase price for the future receivables but failing to pay the outstanding balance of $195,285.00.

The theory of unjust enrichment lies as a quasi-contract claim. See, *Goldman v. Metropolitan Life Ins. Co.*, 5 N.Y.3d 561, 572, 807 N.Y.S.2d 583 (2005). It is an obligation imposed by equity to prevent injustice, in the absence of an actual agreement between the parties. Where the parties executed a valid and enforceable written contract governing a particular subject matter, recovery on a theory of unjust enrichment for events arising out of that subject matter is ordinarily precluded. See, *Clark–Fitzpatrick, Inc. v. Long Is. R.R. Co.*, 70 N.Y.2d 382, 388, 521 N.Y.S.2d 653 (1987). Where there is a bona fide dispute as to the existence of a contract or the application of a contract to the dispute in issue, a plaintiff may proceed upon a theory of quasi contract as well as breach of contract. See, *Parkash v Utilisave Corp.*, 295 AD2d 330, 743 N.Y.S.2d 889 (2nd Dept., 2002).

The complaint alleged the existence of an agreement that controls the subject matter of the action, and the existence of the agreement is not a matter in dispute. See, *Cortazar v Tomasino*, 50 A.D.3d 668, 54 N.Y.S.3d 89 (2nd Dept., 2017). Therefore, the unjust enrichment cause of action should be dismissed. See, *Pierce Coach Line, Inc. v. Port Washington Union Free School District*, 213 A.D.3d 959, 185 N.Y.S.3d 187 (2nd Dept., 2023).

CPLR 3211(a)(8) and General Obligations Law 5-1402

Defendants next argue that the court lacks personal jurisdiction over the defendants pursuant to CPLR 3211(a)(8) and General Obligations Law 5-1402.

When a defendant objects to the court's exercise of personal jurisdiction, the ultimate burden of proof rests upon the plaintiff. See, *Sutton v. Houllou*, 191 A.D.3d 1031, 141 N.Y.S.3d 501 (2nd Dept., 2021). In opposing a motion to dismiss pursuant to CPLR 3211(a)(8) for lack of jurisdiction, a plaintiff need only make a showing that such jurisdiction exists. *Sutton v. Houllou, supra.* In the case at bar, the defendants argue that the since the defendants are organized under the laws of the South Carolina, do business in South Carolina, and that the non-corporate defendant resides in South Carolina, the case should be dismissed and moved to a more convenient forum, i.e., the State of South Carolina. Defendants also argue that the choice of forum provision in the contract which is the subject matter of this litigation is not grounded in law or fact, and has no relationship to the transaction which occurred between the two businesses, one which is a New York LLC, and the other being a South Carolina Corporation, which has no ties to New York, and the facts and circumstances alleged by

3

[* 3]

plaintiff occurred in the State of South Carolina and therefore, does not confer jurisdiction before this Court.

In the case at bar, the agreement provides on page 5, paragraph 4.6 as follows:

**Governing Law, Venue and Jurisdiction** This Agreement shall be governed by and construed in accordance with the laws of the State of New York. Any suit, action or proceeding arising hereunder, or the interpretation, performance, or breach hereof, shall, if BMC so elects, be instituted in any court siting in New York (the "Acceptable Forums"). Merchant and Guarantor(s) agree that the Acceptable Forums are convenient to it and submit to the jurisdiction of the Acceptable Forums and waives any and all objections to jurisdiction or venue. Should such proceeding be initiated in any other forum, Merchant and Guarantor(s) waive any right to oppose any motion or application made by GMC to dismiss such proceeding, to remove and/or transfer such proceeding to an Acceptable Forum, and for an anti-suit injunction against such proceeding (which GMC may make in Acceptable Forums). Additionally, Merchant and Guarantor(s) waive personal service of any summons and/or complaint or other process to commence any litigation and agree that service of such documents shall be effective and complete if mailed by certified mail, return receipt requested to the address(es) listed on page 1 of this agreement. Service shall be deemed complete upon mailing in accordance with this paragraph. Merchant and Guarantor(s) will then have 30 calendar days after the date of mailing in which to respond.

"The parties to an agreement may freely select a forum which will resolve any disputes over the interpretation or performance of the contract. Such a forum selection clause is prima facie valid and enforceable unless it is shown by the challenging party to be unreasonable, unjust, in contravention of public policy, invalid due to fraud or overreaching, or it is shown that a trial in the selected forum would be so gravely difficult that the challenging party would, for all practical purpose be deprived of its day in court." See, _For a Financial Warehouse, LLC v. PMGL LLC_, 83 Misc.3d 1208(A), 210 N.Y.S.3d 924 (Sup. Ct., Nassau Co., 2024), citing, _Horton v. Concerns of Police Survivors, Inc._, 62 A.d.3d 836 (2nd Dept., 2009). Here, the contract indicates that the parties agreed that New York would be the forum of any disputes and that defendants waived any objections to venue. The proofs of service e-filed under NYSCEF Document #s 2, 4, 11, and 20 show that the defendants were served in accordance with the terms of the agreement. The court finds that the defendants have failed to make any showing as to why the forum selection clause should not be enforced and set aside.

Lastly, defendants argue that pursuant to General Obligations Law 5-1402, this court lacks jurisdiction as to the claims raised by plaintiff because they do not satisfy the $1 million threshold.

_General Obligations Law 5-1402_ provides: Notwithstanding any act which limits or affects the right of a person to maintain an action or proceeding any person may maintain an action or proceeding against a foreign corporation, non-resident, or foreign state where the action or proceeding arises out of or relates to any contract, agreement or undertaking for which a choice of New York law has been made in whole or in part pursuant to section 5-401

4

and which (a) is a contract, agreement or undertaking, contingent or otherwise, in consideration of, or relating to any obligation arising out of a transaction covering in aggregate, not less than one million dollars, and (b) which provisions or provisions whereby such foreign corporation or non-resident agrees to submit to the jurisdiction of the courts of this state.

This court finds the defendants' argument without merit. See, *National Union Fire Ins. Co. of Pittsburg, Pa. v. Worley*, 257 A.D.2d 228, 690 N.Y.S.2d 57 (1st Dept., 1999), where the court held that GOL 5-1402 "is not a limitation on the use and effectiveness of forum selection clauses. Rather it contains a statutory mandate that a clause designating New York as the forum 'shall' be enforceable, in cases involving $1 million or more, regardless of any inconvenience to the parties." In analyzing the applicable sections of General Obligations Law §§ 5-1401(1) and 5-1402(1), the Court of Appeals held that "New York substantive law must govern, since the parties designated New York in their choice of law provision in the guarantee and that the transaction exceeded $250,000." See, *IRB-Braxil Resseguros, A.A. v. Inepar Investments, S.A.*, 20 N.Y.3d 310, 958 N.Y.2d 689 (2012).

Excessive fees

The agreement states that the defendants shall pay the plaintiff fees, costs, and expenses consisting of a "insufficient funds (bounce) fee" of $35.00, "UCC filing fee" of $250.00, and "liquidated damages" of the greater of $5,000.00 or 18% of the then purchased receipts amount outstanding balance, representing, inter alia, carrying cost of capital and costs of collection (page 5, paragraph 3.2).

The burden is on the party seeking to avoid liquidated damages—here, the defendants—to show that the stated liquidated damages are, in fact, a penalty. See, *JMD Holding Corp. v Congress Fin. Corp.*, 4 N.Y.3d 373, 795 N.Y.S.2d 502 (2005). In the case at bar, the defendants have failed to satisfy their prima facie burden that the insufficient funds fee, UCC filing fee, and liquidated damages provisions at issue are unenforceable penalties. The party challenging a liquidated damages clause must establish either that actual damages were readily ascertainable at the time the contract was entered into or that the liquidated damages were conspicuously disproportionate to foreseeable or probable losses. See, *United Tit. Agency, LLC v Surfside-3 Mar., Inc.*, 65 A.D.3d 1134, 885 N.Y.S.2d 334 (2nd Dept., 2009). Here, the defendants did not provide any evidentiary proof as to either of those factors.

Accordingly, defendants' motion to dismiss the complaint pursuant to 3211(a)(8) for lack of personal jurisdiction is hereby denied in the entirety.

The defendants' motion to dismiss the complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action is only granted to the extent that plaintiff's cause of action for unjust enrichment is hereby dismissed.

5

The defendants' motion to dismiss the complaint due to excessive fees is hereby denied in the entirety.

This constitutes the decision and order of this court.

Dated: Brooklyn, New York
       January 7, 2025

_____
HON. LISA S. OTTLEY, J.S.C.

HON. LISA S. OTTLEY

6