Korpenn LLC v One Penn Plaza LLC (2026 NY Slip Op 00195)

Korpenn LLC v One Penn Plaza LLC

2026 NY Slip Op 00195

Decided on January 15, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 15, 2026

Before: Kennedy, J.P., Rodriguez, Pitt-Burke, Chan, JJ. 

Index No. 651615/23|Appeal No. 5601|Case No. 2024-07361|

[*1]Korpenn LLC, Plaintiff-Respondent,
vOne Penn Plaza LLC, Defendant-Appellant.

Sullivan & Cromwell LLP, New York (Robert J. Giuffra, Jr. of counsel), for appellant.
Haynes Boone, LLP, New York (Brett Dockwell of counsel), for respondent.

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered November 27, 2024, which denied defendant's motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint, unanimously affirmed, without costs.
Supreme Court correctly denied defendant's motion to dismiss the complaint. None of the documents submitted by defendant utterly refutes the allegations in the complaint that the sublease, as defined in section 28.01(i) of the ground lease, was extinguished upon defendant's execution of the 1999 surrender of subleases. Nor did defendant refute the allegations that once extinguished the sublease could not be revived by the December 21, 2022 Corrected Memorandum of Assignment of Subleases, purportedly assigning the sublease retroactively to a third-party successor-in-interest, which acquired the former sublessee in 2006. The complaint adequately alleges that the sublease was extinguished before the successor-in-interest acquired its interest in the former sublessee, rendering the 2022 memorandum of no force and effect. Because defendant failed to meet its burden to establish that the successor-in-interest — a stranger to the sublease and the 1999 surrender of subleases — had the authority to enter into a novation of the 1999 surrender of subleases, or that the novation was otherwise proper, the motion to dismiss the complaint was properly denied (see Arici v Poma, 202 AD3d 584, 585 [1st Dept 2022]). Indeed, the 1999 surrender of subleases contained no terms permitting the parties to revive the sublease at some future point, or for a third-party to revive the sublease (see generally Vermont Teddy Bear Co. v 538 Madison Realty Co., 1 NY3d 470, 475 [2004]).
The court's comments in dicta relating to the value of the sublease did not usurp the role of the appraisers in setting the value of the land (see City of New York v FC 42nd St. Assoc., L.P., 169 AD3d 431, 432 [1st Dept 2019]). Those comments do not alter the legal valence of articles 21 and 28 of the ground lease or affect the ultimate question of whether the 1999 surrender was effectively amended or novated by the 2022 memorandum (see generally Vermont Teddy Bear Co., 1 NY3d at 475).
We have considered defendant's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 15, 2026