**Pielet v 15-19 W. 119 LLC**

2026 NY Slip Op 30651(U)

February 20, 2026

Supreme Court, New York County

Docket Number: Index No. 652353/2025

Judge: Phaedra F. Perry-Bond

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

PRESENT: **HON. PHAEDRA F. PERRY-BOND**
*Justice*

PART 35

-----------------------------------------------------------------------X

NEHAMA SARA PIELET,

Plaintiff,

- v -

15-19 WEST 119 LLC, URI PIELET, YONATON PIELET, PIELET BROTHERS CONTRACTING, LLC, PIELET BROTHERS MANAGEMENT LLC, Y.U.P. CONTRACTING LLC, 145 WEST 123RD ST., LLC

Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 652353/2025 |
| MOTION DATE | 06/27/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 36, 37, 38, 39, 40, 41

were read on this motion to/for                    DISMISSAL                    .

Upon the foregoing documents, Defendants Uri Pielet ("Uri"), Yonaton Pielet ("Yonaton"), Pielet Brothers Contracting, LLC ("PBC"), Pielet Brothers Management LLC ("PBM"), Y.U.P. Contracting LLC ("Yup Contracting"), and 145 West 123rd St. LLC ("145 West 123rd") (collectively "Moving Defendants") motion to dismiss Plaintiff Nehama Sara Pielet's ("Plaintiff") Complaint is denied.

### I.    Background

As alleged in the Complaint, Plaintiff sues her sons Uri and Yonaton, and affiliated companies, to recover sums on a loan allegedly issued by Plaintiff for the purpose of completing construction of a building at 15-19 West 119 Street, New York, New York (the "Premises").

Uri and Yonaton are allegedly the principals of Defendant 15-19 West 119 LLC ("15-19 West 119"), the entity that owns the Premises. The Premises were to be managed by PBM once construction was complete. On June 3, 2017, Plaintiff entered an agreement (the "2017 Loan") by

[* 1]

which Plaintiff loaned $855,000 to "Pielet Bros" for purpose of completing the building construction at 15-19 West 119. Of the $855,000, $240,000 was loaned to PBC, $500,000 was loaned to Yup Contracting, and $115,000 was loaned to "Pielet Bros." Plaintiff also allegedly extended a liquidity access line of credit at her bank to Defendant 145 West 123rd St.

On October 16, 2018, non-party Kearny Bank allegedly provided a mortgage (the "Kearny Mortgage") to 15-19 LLC in the amount of $5,495,000. Some of the mortgage proceeds were used to pay off $255,000 of the outstanding loan balance on the 2017 Loan. Nonetheless, the outstanding principal on the 2017 Loan remained at $597,000. On January 25, 2019, Plaintiff entered a subsequent loan agreement (the "2019 Loan") in which the outstanding balance on the 2017 Loan was converted into a new loan to 15-19 St. LLC. The 2019 Loan was to be repaid when 15-19 St. LLC refinanced the Kearny Mortgage. The Kearny mortgage was allegedly refinanced on July 31, 2023 after Berkadia Commercial Mortgage LLC ("Berkadia") loaned $5,200,000 to 15-19 LLC (the "Berkadia Mortgage") and Kearny Bank subsequently assigned its mortgage to Berkadia and Berkadia consolidated the Kearny Mortgage with the Berkadia Mortgage. Plaintiff alleges this refinancing triggered the obligation to repay the 2019 Loan's balance., but only $75,000 of the $597,000 was paid.

Plaintiff now sues 15-19 LLC for breach of the 2019 Loan agreement and sues PBC and PBM for breach of the 2017 Loan Agreement. She also alleges quantum meruit, unjust enrichment, and money had and received against all Defendants. The Moving Defendants move to dismiss arguing that the quasi-contract claims are duplicative of the breach of contract claim against 15-19 LLC or are precluded by the fact that the 2017 Loan became null because of the 2019 Loan. Plaintiff opposes and argues that there is no clear and definite novation issues nullifying obligations under the 2017 Loan in the 2019 Loan. They further argue the quasi-contract claims

[* 2]

are not duplicative since the existence of a valid contract between the parties is in dispute despite there being factual allegations that the Moving Defendants received monetary benefits disbursed from the unpaid loan principal.

## II. Discussion

### A. Standard

When reviewing a pre-answer motion to dismiss for failure to state a claim, the Court accepts all factual allegations as true, gives Plaintiff the benefit of all favorable inferences which may be drawn from the pleadings, and determines only whether the alleged facts fit within any cognizable legal theory (*Sassi v Mobile Life Support Services, Inc.*, 37 NY3d 236, 239 [2021]). However, conclusory allegations or bare legal conclusions with no factual specificity are insufficient (*Godfrey v Spano*, 13 NY3d 358, 373 [2009]). A motion to dismiss for failure to state a claim will be granted if the factual allegations do not allow for an enforceable right of recovery (*Connaughton v Chipotle Mexican Grill, Inc.*, 29 NY3d 137, 142 [2017]).

### B. Quasi Contractual Claims

The Moving Defendants' motion to dismiss the quasi-contractual claims is denied. The sole argument in support of the motion is that the claims are duplicative because an agreement governing the amount owed exists. But the allegations state that the Defendants who are the subject of the quasi-contractual claims were not part of those agreements even though they were allegedly disbursed money from the lump sum loaned by Plaintiff. Moreover, Moving Defendants dispute the validity or enforceability of the 2017 Agreement creating a bona fide dispute as to the application of that contract to the dispute in issue.

Given this is a pre-answer motion to dismiss and there is a dispute as to the enforceability of the contract through which the Moving Defendants purportedly received Plaintiff's money, the

motion to dismiss the quasi-contractual claims is denied, without prejudice, with leave to renew on summary judgment after further discovery (*see Chowaiki & Co. Fine Art Ltd. v Lacher*, 115 AD3d 600 [1st Dept 2014]; *Beach v Touradji Capital Management L.P.*, 85 AD3d 674 [1st Dept 2011]; *Winick Realty Group LLC v Austin & Associates*, 51 AD3d 408 [1st Dept 2008]).

### C. Uri & Yonaton

The motion to dismiss the Complaint against Uri & Yonaton is denied. Although Uri & Yonaton allegedly signed on behalf of a corporate entity in the 2017 and 2019 Agreements, none of the entities named in those Agreements correspond with the name of an entity registered with New York State. Thus, to the extent Uri & Yonaton signed on behalf of an entity that does not exist, they may potentially be held liable for the amounts owed under the Agreements (*see Sutton v Houllou*, 191 AD3d 1031 [2d Dept 2021] ["As a general rule, a person entering into a contract on behalf of a nonexistent corporate entity may be held personally liable on the contract"]). The Court reiterates this is a pre-answer motion to dismiss and if during discovery it is clarified which entities, if any, were bound by the 2017 and 2019 Agreements then this argument can be renewed on a motion for summary judgment.

### D. Novation of the 2017 Agreement

The motion to dismiss premised on the argument that the 2019 Agreement extinguished the 2017 Agreement is denied. There is nothing in the 2019 Agreement which states that the obligations in the 2017 Agreement were extinguished which is a key element to a finding of novation (*see Arici v Poma*, 202 AD3d 584, 585 [1st Dept 2022] ["the elements of a novation are a previously valid obligation, agreement of the parties to the new obligation, extinguishment of the old obligation, and a valid new contract"]). The party claiming novation has the burden of establishing the intent of the parties to effect a novation (*see Warberg Opportunistic Trading Fund*

[* 4]

*L.P. v GeoResoruces, Inc.*, 151 AD3d 465, 473 [1st Dept 2017]). Indeed, where, as here, it is not clear form the face of the contracts that a novation occurred, and inquiry into whether there was an implied novation is fact intensive and inappropriate for resolution on a pre-answer motion to dismiss (*see, e.g. Arici v Poma*, 180 AD3d 551, 552 [1st Dept 2020] [fact issue as to novation on summary judgment where note did not establish any acceptance of note as a novation of defendant's contractual obligations]). Therefore, the motion to dismiss premised on the unenforceability of the 2017 Agreement is denied at this juncture. The Court has considered the remainder of the parties' intention and finds it unavailing.

Accordingly, it is hereby,

ORDERED that the motion to dismiss is denied and within twenty days of entry, the Moving Defendants shall serve their Answer to the Complaint; and it is further

ORDERED that the parties shall meet and confer immediately and submit a proposed preliminary conference order via e-mail, but in no event shall the proposed order be submitted any later than March 31, 2026. If there is a serious discovery dispute requiring a conference with the Court, the parties shall advise the Court so an in-person conference can be scheduled; and it is further

ORDERED that within ten days of entry counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

2/20/26
DATE

HON. PHAEDRA F. PERRY-BOND, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | x | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | x | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 5]