Karayiorgou v Trustees of Columbia Univ. (2021 NY Slip Op 05924)





Karayiorgou v Trustees of Columbia Univ.


2021 NY Slip Op 05924


Decided on October 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 28, 2021

Before: Renwick, J.P., González, Kennedy, Scarpulla, Rodriguez, JJ. 


Index No. 150788/18 Appeal No. 14523 Case No. 2021-00975 

[*1]Maria Karayiorgou, Plaintiff-Respondent,
v
The Trustees of Columbia University, Defendant-Appellant, Doe Corporations 1-5, Defendants.


Buckley LLP, New York (Andrew W. Schilling of counsel), for appellant.
Schwartz Perry & Heller LLP, New York (Brian Heller of counsel), for respondent.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered March 5, 2021, which denied defendant Trustees of Columbia University's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.
Plaintiff, a molecular psychiatrist, collaborated for many years on research with her then husband, a neuroscientist. In April 2014, two Columbia professors associated with defendant's Mortimer B. Zuckerman Mind Brain Behavior Institute (the Institute) invited plaintiff to join the Institute. Plaintiff and her husband were divorced in December 2014. In March 2015, defendant withdrew plaintiff's invitation to join the Institute.
Defendant established prima facie a legitimate, nondiscriminatory reason for disinviting plaintiff to join the Institute (see Bennett v Health Mgt. Sys., Inc., 92 AD3d 29, 40 [1st Dept 2011], lv denied 18 NY3d 811 [2012]). It pointed to an affidavit by one of the Institute professors that in April 2014 the professors invited plaintiff to have only a "limited physical presence in the Institute, to work in collaboration with and alongside [her husband]." There is also evidence that, by March 2015, plaintiff's working relationship with her former husband was shattered. Plaintiff's former husband then told the Institute that he could not work with plaintiff any longer and did not want her to come to the Institute. Defendant explained that since plaintiff's former husband was already a member, and plaintiff's invitation to work at the Institute was premised on her working with him, their falling-out frustrated the purpose of plaintiff's invitation.
In opposition, plaintiff points to her own affirmation that the April 2014 invitation was not conditioned on her working with her then husband. This alone raises an issue of fact as to whether defendant's explanation is pretextual, since it contradicts defendant's assertion that the invitation was always conditioned on their working together (see Watson v Emblem Health Servs., 158 AD3d 179, 183 [1st Dept 2018]; Cadet-Legros v New York Univ. Hosp. Ctr., 135 AD3d 196, 202 [1st Dept 2015]). Viewed in the light most favorable to plaintiff as nonmovant, the record supports a finding that in April 2014 plaintiff was invited to join the Institute unconditionally and that in March 2015, after learning that she and her husband had divorced, defendant fabricated a
condition of the offer that had never existed — that she work with her husband — as a reason for rescinding her invitation.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 28, 2021