| |
|---|
| **Nelson v WW Intl., Inc.** |
| 2024 NY Slip Op 32182(U) |
| June 28, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 155745/2020 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| PRESENT: | HON. MARY V. ROSADO | PART | 33M |
| | *Justice* | | |

---------------------------------------------------------------X

ISAAC NELSON

Plaintiff,

- v -

WW INTERNATIONAL, INC.,

Defendant.

---------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 155745/2020 |
| MOTION DATE | 05/04/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 87, 88, 89, 90

were read on this motion to/for _____ JUDGMENT - SUMMARY _____.

Upon the foregoing documents, Defendant WW International, Inc.'s ("Defendant" or "Weight Watchers") motion for summary judgment dismissing Plaintiff Isaac Nelson's ("Plaintiff") complaint is granted in part and denied in part.

## I.    Background

This is an employment discrimination action alleging violations of the New York City Human Rights Law ("NYCHRL") (*see generally* NYSCEF Doc. 7). Plaintiff joined Weight Watchers in 2010 (NYSCEF Doc. 51 at ¶ 6). Plaintiff received positive feedback and performance reviews from 2011 until 2016 (*id.* at ¶¶ 6-15). In February of 2016, Plaintiff was diagnosed with non-Hodgkins Lymphoma which required six rounds of chemotherapy (*id.* at ¶ 16). This lowered Plaintiff's immune system and Defendant agreed to allow Plaintiff to work remotely.

After Plaintiff completed chemotherapy he started to return to the office in September 2016 but would get sick each time he worked from the office. Plaintiff's manager informally approved a flexible work from home schedule. Plaintiff's manager changed to Diane McGrath ("McGrath")

155745/2020  NELSON, ISAAC vs. WW INTERNATIONAL, INC.
Motion No. 001

Page 1 of 8

in the summer of 2017. McGrath knew of Plaintiff's medical situation and did not express any immediate concerns – in fact McGrath rated Plaintiff as a "valued contributor."

In January of 2018, McGrath asked Plaintiff to take on additional responsibilities. In 2018, Plaintiff again received a positive performance review and was rated as a "valued contributor." Towards the end of 2018, McGrath began to request Plaintiff return to work in the office. McGrath's supervisor, Wesley Moon ("Moon") implemented a restrictive work from home policy.

Plaintiff's daughter was born in June of 2019 and he took four weeks of paternity leave. When he returned from paternity leave, Mcgrath told Plaintiff that his teammates were uncomfortable with him not being in the office. In August of 2019, Moon required, for the first time a doctor's note for Plaintiff to continue working from home. Plaintiff produced a doctor's note on October 17, 2019 (NYSCEF Doc. 36). On October 30, 2019, Defendant's HR Department sought clarification from Plaintiff's doctor regarding whether working from home was "required." (NYSCEF Doc. 38). Plaintiff's Doctor second note stated working from home was required (NYSCEF Doc. 39).

On November 13, 2019, Plaintiff was issued a performance improvement plan ("PIP"). The PIP was apparently the result of failures with the Broadleaf project, which Plaintiff worked on. After a few PIP meetings, Plaintiff was invited to a zoom meeting on January 2, 2020. McGrath told Plaintiff that the eCommerce launch was a mess and Plaintiff did not follow up on the PIP. Plaintiff was terminated on this date. Two months after Plaintiff's termination, the Covid-19 pandemic happened, and Defendant became a "remote first company."

## II.     Defendant's Motion

Defendant moves for summary judgment seeking dismissal of Plaintiff's complaint in its entirety. Defendant argues it is entitled to summary judgment on Plaintiff's caregiver status claim

**155745/2020   NELSON, ISAAC vs. WW INTERNATIONAL, INC.**
**Motion No. 001**

**Page 2 of 8**

[* 2]

2 of 8

because there is no causal nexus between his status as a caregiver and the adverse employment action. Defendant cites to Plaintiff's deposition testimony wherein he concedes that Defendant was supportive of Plaintiff taking parental leave. Defendant argues it is entitled to summary judgment dismissing his disability discrimination claim because there is no evidence anyone made any disparaging remarks about his disability and because Defendant allowed Plaintiff to work from home for over three years prior to being placed on a PIP. Defendant argues it has presented legitimate, non-discriminatory inference for its termination decision. Finally, Defendant argues it is entitled to dismissal of Plaintiff's cooperative dialogue claim because he was granted an accommodation for three years prior to his termination.

In opposition, Plaintiff argues that this case revolves around the intent and credibility of witnesses and therefore is not ripe for disposition on summary judgment. Plaintiff argues that under the NYCHRL, he must only show that he was treated "less well" at least in part due to his disability. Plaintiff points to Slack message exchanges from Moon as showing evidence of discriminatory intent. Plaintiff argues that under the NYCHRL, he need only show that his disability was a motivating factor for his termination. Plaintiff also argues that Defendant never engaged in a dialogue about his accommodation. Finally, Plaintiff argues he established his claim of caregiver discrimination because there is an issue of fact as to whether Defendants falsely told Plaintiff his teammates were "uncomfortable" with him being out of the office while he was on paternity leave.

In reply, Defendant argues that there can be no claim for caregiver discrimination since discussion about Plaintiff returning to the office occurred before he took parental leave. Defendant argues that Plaintiff only proffers speculation of disability-based animus. Defendant further argues there is no claim based on a violation of the NYCHRL's cooperative dialogue requirements

**155745/2020   NELSON, ISAAC vs. WW INTERNATIONAL, INC.**
Motion No. 001

Page 3 of 8

3 of 8

because Plaintiff was at all times granted a work from home accommodation until he was terminated.

## III.    Discussion

### A. Standard

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial. *See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Pemberton v New York City Tr. Auth.,* 304 AD2d 340, 342 [1st Dept 2003]). Mere conclusions of law or fact are insufficient to defeat a motion for summary judgment (*see Banco Popular North Am. v Victory Taxi Mgt., Inc.,* 1 NY3d 381 [2004]).

To establish a claim for discrimination under the NYCHRL, a plaintiff must prove that he was (a) a member of a protected class; (b) was qualified for the position; (c) suffered an adverse employment action; and (d) establish that the adverse action occurred under circumstances giving rise to an inference of discrimination (*Hribovsek v United Cerebral Palsy of NYC*, 223 AD3d 618, 619 [1st Dept 2024]). The standard for determining liability for discrimination-based claims under the NYCHRL is to ensure that discrimination plays no role in the disparate treatment of similarly situated individuals in the workplace (*Williams v New York City Housing Authority*, 61 AD3d 62, 76 [1st Dept 2009]). Courts are instructed to interpret the NYCHRL independently of state and

**155745/2020   NELSON, ISAAC vs. WW INTERNATIONAL, INC.**
Motion No.  001

**Page 4 of 8**

[* 4]

4 of 8

federal anti-discrimination laws to create an independent body of jurisprudence that is maximally protective of civil rights (*see* New York Local Law 35 § 1).

### B. Plaintiff's Disability Discrimination and Cooperative Dialogue Claims

Defendant's motion to dismiss Plaintiff's alleged violation of the NYCHRL based on disability discrimination is denied. There is no dispute that Plaintiff, who was immunocompromised during recovery from leukemia, suffered from a disability and is therefore a member of a protected class. Defendant argues that the adverse discrimination Plaintiff suffered did not occur under circumstances giving rise to an inference of discrimination. "Discriminatory motivation may be inferred from, among other things, invidious comments about others in the employee's protected group, or the more favorable treatment of employees not in the protected group" (*Rodriguez v New York City Hous. Auth.*, 225 AD3d 458, 459 [1st Dept 2024] quoting *Mazzeo v Mnuchin,* 751 Fed Appx 13, 14-15 [2d Cir 2018]).

A plaintiff may prove a disability discrimination claim under the NYCHRL if he proves that unlawful discrimination was one of the motivating factors, even if it was not the sole motivating factor, for an adverse employment discrimination (*Watson v Emblem Health Services*, 158 AD3d 179 [1st Dept 2018]). A plaintiff may defeat summary judgment by offering some evidence that at least one of the reasons proffered by a defendant for the adverse employment action is false, misleading, or incomplete (*id.*). This is also known as the "mixed motive" standard (*Cadet-Legros v New York University Hosp. Center*, 135 AD3d 196 [1st Dept 2015]).

Here, there is evidence from Slack messages between McGrath and Moon that they knew Plaintiff continued to suffer from a disability when McGrath stated, "I genuinely believe that he does not feel well most of the time" (NYSCEF Doc. 68 at Bates No. WW002273). Nonetheless, in subsequent messages, in discussing the recent development of Plaintiff to provide a doctor's

**155745/2020   NELSON, ISAAC vs. WW INTERNATIONAL, INC.**
Motion No.  001

**Page 5 of 8**

[* 5]                                   5 of 8

note to continue his accommodation, McGrath stated "[h]e must be freaking out – now he knows that this has become an HR Issue." Moon responded "I mean, I hope he understands. And just gets his a _ _ into the office." Moon went on to state "in the meantime I will start drafting the PIP…" McGrath responded by stating "…He pushed it too far…. he could have easily avoided this" (NYSCEF Doc. 70 at Bates No. WW002295-98). At a minimum, this exchange creates a triable issue of fact as to whether Plaintiff's work from home accommodation, given to him due to his immunocompromised status as a lymphoma survivor, played a role in being placed on a performance improvement plan and ultimately terminated.

Viewing the facts in the light most favorable to the plaintiff as the nonmovant, the record supports a finding that Plaintiff was placed on a PIP at least in part as an effort to do-away with Plaintiff's work from home accommodation - an accommodation that was supported by a note from his doctor stating he was required to work from home to protect his fragile immune system (*see Karayiorgou v Trustees of Columbia University*, 198 AD3d 598, 599 [1st Dept 2021] [summary judgment denied due to issues of fact as to whether defendant's non-discriminatory explanation was pretextual]; *Ramos v Metro-North Commuter Railroad*, 194 AD3d 433, 434 [1st Dept 2021]). There is likewise evidence that Plaintiff's colleagues also believed he was being terminated at least in part due to his work from home accommodation (NYSCEF Doc. 81). There is also a long history of positive performance reviews indicating that Plaintiff was able to perform well despite his accommodation, and so viewing the facts in the light most favorable to the non-movant, there is an inference that the increased scrutiny of Plaintiff's accommodation, the slack message that Plaintiff needed to "get his a _ _ into the office" and the PIP could give rise to an inference of disability-based discrimination. These are triable issues of fact.

**155745/2020   NELSON, ISAAC vs. WW INTERNATIONAL, INC.**
**Motion No.  001**

Page 6 of 8

For the same reasons this Court finds issues of fact prevent granting summary judgment on Plaintiff's disability discrimination claim, so too does the Court find issues of fact prevent granting summary judgment dismissing Plaintiff's cooperative dialogue claim. Once an employee establishes that he or she is or may be entitled to an accommodation, the employe must engage in dialogue concerning the person's accommodation needs (*Hosking v Memorial Sloan-Kettering Cancer Ctr.*, 186 AD3d 58 [1st Dept 2020]). Although at one time Plaintiff and Defendant were engaged in a cooperative dialogue regarding Plaintiff's work from home accommodation, the Court finds there are issues of fact as to whether the dialogue broke down around the time Plaintiff was asked to provide multiple doctor's notes and was put on a PIP. The dialogue must take place in good faith and not a unilateral employer decision cloaked by business judgment. This is underscored by the Slack messages previously discussed.

Viewing the facts in the light most favorable to the non-movant, these statements raise a triable issue of fact as to whether Defendant was engaged in a good faith dialogue or whether Defendant had already decided to put Plaintiff on a PIP and terminate his employment if he did not abandon his accommodation. (*Jacobsen v New York City Health & Hosps. Corp.*, 22 NY3d 824 [2014] [engaging in an interactive process is just one factor to be considered in determining cooperative dialogue claim]; *see also Lettau v 1199 SEIU National Benefit Fund*, 200 AD3d 462 [1st Dept 2021] citing *Hosking, supra*).

### C. Discrimination Based on Caregiver Status

Defendant's motion for summary judgment dismissing Plaintiff's claims for discrimination based on caregiver status is granted. There are no facts which indicate that plaintiff suffered any discrimination based on his status as a caregiver (*Martinez v City of New York*, 206 AD3d 532 [1st Dept 2022]). Plaintiff has made no showing that anyone prevented him from taking parental leave

**155745/2020   NELSON, ISAAC vs. WW INTERNATIONAL, INC.**
Motion No. 001

**Page 7 of 8**

7 of 8

or made any inappropriate comments towards him about taking parental leave. Although Plaintiff claims upon return from parental leave, he was told that people were "uncomfortable" with him being out of the office, a stray remark such as this is insufficient to give rise to an inference of discrimination (*Tihan v Apollo Management Holdings, L.P.*, 201 AD3d 557 [1st Dept 2022] [stray remarks do not support an inference of discrimination under the circumstances] citing *Serdans v New York and Presbyterian Hosp.*, 112 AD3d 449 [1st Dept 2013]). Plaintiff conceded that when he decided to take parental leave, WW was supportive of his choice, and it was his own choice not to take the full amount of parental leave available.

Accordingly, it is hereby,

ORDERED that Defendant's motion for summary judgment is granted solely to the extent that Plaintiff's claims alleging discrimination based on his status as a caregiver is granted, and Plaintiff's cause of action for caregiver discrimination is dismissed; and it is further

ORDERED that Defendant's motion is otherwise denied; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 6/28/2024 | | | | | | *Mary V Rosado* JSC | |
| DATE | | | | | | HON. MARY V. ROSADO, J.S.C. | |
| CHECK ONE: | | CASE DISPOSED | | x | NON-FINAL DISPOSITION | | |
| | | GRANTED | DENIED | x | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

155745/2020   NELSON, ISAAC vs. WW INTERNATIONAL, INC.
Motion No. 001

Page 8 of 8

8 of 8